## LEE *v.* PEARSON.

1. In an action by an owner of land to enjoin against a trespass, the plaintiff is not required to plead his muniments of title as a condition precedent to their introduction in evidence.

(a) The partition proceedings were regular, and not open to any objection made to them.

2. A certified copy of the record of a duly recorded mortgage is admissible in evidence on proof of the existence and loss of the original.

(a) The existence and loss of the original were shown in this case.

3. If the service of a rule nisi to foreclose a mortgage is not made before the term of the court to which it is returnable, and such term intervenes, a subsequent service of a copy of the same rule nisi, without a previous order of court, is insufficient of itself to authorize a judgment of foreclosure. But a judgment of foreclosure rendered under these circumstances is not void and open to collateral attack, which recites personal service of the rule nisi, that the judgment is rendered by consent, and that a stay of execution is granted to the defendant.

4. Where a mortgage on land is foreclosed on the petition of an assignee of the mortgage, in which petition it is alleged that the mortgage was assigned to the petitioner, and the rules nisi and absolute conform to these allegations, the fi. fa. issued on the judgment absolute, which identifies the previous proceedings, is not invalid because, after the description of the land, the same is designated as the land described in a mortgage given to the transferee and foreclosed by him.

5. Where a plaintiff's right to recover depends upon his having title to the land in controversy, his title must be complete at the beginning of the action. Hence a deed in his chain of title executed pending the action is inadmissible, notwithstanding a recital therein that it is executed in lieu of a lost deed, where the defendant is not a privy to the person making the recital. But the admission in evidence of the deed in this case was harmless error, because it was made to appear by extraneous evidence that the grantee in such deed, long before the bringing of the suit, bought the land from the grantor, paid the entire purchase-money, went into possession of the land after purchasing it, and remained in possession until he conveyed it to a prior grantor of the plaintiff (which deed was produced). Such facts constitute a perfect equity between the vendor and purchaser, effectual to transmit the title of the vendor to the purchaser.

6. In its ultimate development the case narrowed to an issue of title to the land in controversy; and as the plaintiff and defendant claimed title from a common propositus, and that of the plaintiff was prior in time, and was not invalid for any of the reasons assigned in the defendant's attack upon it, the direction of a verdict in favor of the plaintiff was proper.

AUGUST 14, 1912.   REHEARING DENIED SEPTEMBER 24, 1912.

Equitable petition.   Before Judge Felton.   Crawford superior court.   July 20, 1911.

*Robert L. Rodgers,* for plaintiff in error.

*H. A. Mathews,* contra.

EVANS, P. J.  There are many assignments of error, but all depend upon the success of the attack made on the plaintiff's title. The plaintiff alleged ownership and possession of a tract of land, and prayed an injunction against the defendant's alleged trespass. The defendant in his answer set up an adverse title.  Both parties claimed title from John S. Lee.  According to the evidence submitted by the plaintiff, John S. Lee died intestate, leaving a widow, Sarah M. Lee, and five children.  His estate was partitioned in the superior court among his heirs, and the land in controversy was assigned to Sarah M. Lee.  She mortgaged the land; the mortgage was foreclosed, and the land was sold.  The plaintiff derives title by mesne conveyances from the purchaser at the sheriff's sale.

1.  The petition for partition of the estate of John S. Lee was filed by the guardian of one of the heirs, who was a lunatic.  Service was acknowledged and twenty days notice waived by the other co-owners, who filed an answer praying that their shares be also assigned to them in severalty.  A writ of partition duly issued, partition was made by commissioners, and a return made, wherein the land in controversy was assigned to Sarah M. Lee.  The return was duly made the judgment of the court.  Objection was made that evidence of title could not be introduced without reference to it in the pleadings; that it was not shown that the applicant was a duly appointed guardian, or that his ward was of unsound mind, and that the statutory notice was given; nor that the commissioners were duly sworn.  None of these objections to this evidence are meritorious.

2.  The evidence was sufficient to show the existence and loss of the mortgage from Sarah M. Lee to the Georgia Loan and Trust Company, and there was no error in receiving in evidence a certified copy of it.

3.  The mortgage from Sarah M. Lee to the Georgia Loan and Trust Company was foreclosed on the petition of Dwight M. Bank, who alleged himself to be the assignee of the mortgage and of the notes to secure the payment of which the mortgage was given. The rule nisi was granted at the March term, 1895, returnable to the succeeding October term, and two entries of service ap-

peared thereon, one dated March 22, 1895, and reciting service on the defendant by leaving it at his most notorious place of abode, and the other dated November 6, 1895, and reciting personal service on the defendant. A rule absolute was granted at the March term, 1896, which contained a recital, that, "the plaintiff having agreed with the defendant thereto, it is further ordered that execution upon this judgment be stayed until November 15th, 1896." No formal order was shown for the second service, but the bench docket contained these entries by the judge: "Continued to perfect service." "Rule absolute in this case granted by consent, March term, 1896." Several objections were interposed to this record being received in evidence. It will only be necessary to notice one of them, as the others are palpably without merit. It is contended that there was no authority of law, in the absence of an order by the court, for the sheriff to serve the defendant with a copy of the rule nisi after a term of court at which the money was directed to be paid. Mortgages on realty are foreclosed by petition and rule nisi. The statute provides, that, upon filing the petition, "the court shall grant a rule directing the principal, interest, and costs to be paid into court on or before the first day of the next term immediately succeeding the one at which such rule is granted, which rule shall be published once a month for four months or served on the mortgagor, or his special agent or attorney, at least three months previous to the time at which the money is directed to be paid into court as aforesaid." Civil Code, § 3276. Service of a rule nisi subsequently to the term of court at which the defendant was directed to pay the money would not be in compliance with the statute. The paper served was functus officio. If at the term of court at which the defendant is directed to pay the money into court no legal service of the rule nisi has been made, the court should either issue a new rule nisi or pass an order extending the time of payment of the money to the next term of the court. A docket entry alone will not suffice. But the judgment absolute in this case is not void on this account, for the reason that it recites that the judgment was rendered by consent, and a stay of execution was granted to the defendant. This recital will be taken as true, unless the contrary is made to appear.

4. The petition to foreclose the mortgage was in the name of Dwight M. Bank as transferee, and the rules nisi and absolute fol-

lowed the petition. The fi. fa. referred to these papers sufficiently to identify each, and an erroneous recital in the fi. fa. that the mortgage was given to the transferee instead of his transferor did not render the fi. fa. invalid on the ground of the alleged discrepancy.

5. The purchaser at the mortgage-foreclosure sale was Dwight M. Bank, and the sheriff made a deed to him. It was shown by parol that Bank sold the land to H. A. Mathews, who went into possession of the same under his purchase about the year 1898. The plaintiff introduced in evidence a deed from Dwight M. Bank to H. A. Mathews, bearing date after the bringing of the suit, and reciting that it was executed in lieu of a deed between the same parties to the same land, executed on February 23, 1898, which deed was said to have been lost. Objection was made to this deed coming in evidence, on the ground, among others, that it was executed after the suit was begun. The plaintiff alleged title in himself, and sought to enjoin the defendant from trespassing on the land. The deed was inadmissible as evidence of title, because it was executed after the commencement of the suit, and the recital in the deed could not bind the defendant who did not claim under it. *L. & N. R. Co.* v. *Ramsay,* 134 *Ga.* 107 (67 S. E. 652). But the reception of the deed in evidence was harmless error, as no objection was urged to the plaintiff's proof that Bank sold to Mathews, who paid the purchase-money and went into possession of the land. These facts constitute a perfect equity, as effectual to pass title as if the original deed had been produced. *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811).

6. The defendant's title was derivative from Sarah M. Lee, and originated subsequently to the mortgage of Mrs. Lee to the Georgia Loan and Trust Company. Inasmuch as the plaintiff's title was not invalid for any of the reasons assigned, and as the defendant claimed possession of the land, it was proper to direct a verdict in favor of the plaintiff.

*Judgment affirmed. All the Justices concur.*