## MILLTOWN LUMBER COMPANY *v.* BLITCH.

1. Where service of a rule nisi to foreclose a mortgage on realty was acknowledged by the mortgagors four days before the rule absolute was granted by the court, and the judgment absolute recited that the mortgagors named had "acknowledged service on this rule nisi," such defective service did not render the judgment absolute void, but voidable.

2. Such judgment absolute can not be collaterally attacked by one who claims the realty under a chain of titles from a common grantor who was a purchaser at the sheriff's sale.

3. The court did not err in directing a verdict for the plaintiff.

DECEMBER 13, 1916.

Trespass. Before Judge Thomas. Berrien superior court. September 21, 1915.

*E. K. Wilcox* and *Wilson & Bennett,* for plaintiff in error.

*W. D. Buie* and *C. A. Christian,* contra.

HILL, J.   Sarah E. Blitch brought an action of trespass against the Milltown Lumber Company, to recover damages for the cutting and removal of timber from 117 acres of lot of land No. 345 in the tenth district of Clinch county. The agreed value of the timber cut and removed was $500. At the conclusion of the evidence the court directed a verdict for the plaintiff for that amount, and the defendant excepted.

Both the plaintiff and the defendant claimed title to the timber in question from a common source. On the trial the plaintiff introduced, together with other evidence, a mortgage fi. fa. issued from the superior court of Clinch county, in favor of C. F. Brack against Angeline Brack and W. R. Brack, the entry of levy thereon showing that the fi. fa. was levied on the land involved in this case, that the land was sold by the sheriff of the county, and that it was purchased by J. B. S. Blitch, a predecessor in title of the plaintiff. The sheriff made a deed conveying the land. The defendant introduced a certified copy of the foreclosure proceedings in the above-stated case, including the petition, copy of mortgage, rule nisi, acknowledgment of service by the defendants, and rule absolute upon which the fi. fa. issued. It does not appear that the rule nisi was published once a month for four months, or that it was served on the mortgagors (who, according to the entry of the sheriff, were not to be found in Clinch county) or on their attorneys. But it does appear that the defendants signed the following acknowledgment of service: "Tampa, Fla., October 14, 1899. I, Angeline Brack and W. R. Brack, acknowledge service on the within papers." (Signed by W. R. Brack and Angeline Brack.) It also appears that on October 19, 1899, four days after this acknowledgment of service was signed, the court granted a rule absolute foreclosing the mortgage. It is insisted by the plaintiff in error that the foreclosure proceedings were void, and that the plaintiff can not recover in this case on a chain of titles based on such foreclosure. The controlling question, therefore, is whether the sale by the

sheriff of Clinch county, under which the fi. fa. issued, was void, or voidable only. If it was void, it is conceded that the plaintiff can not recover. Her right to recover is dependent on the validity of the judgment absolute. The judgment absolute, after stating that a rule nisi had been issued, recited that "said Angeline and W. R. Brack acknowledged service on this rule nisi, and that they failed to pay said principal, interest, and costs in obedience to said rule," etc. It thus appears upon the face of the judgment absolute that service was acknowledged by the defendants. This court held in the case of *Hightower* v. *Williams,* 38 *Ga.* 598 (3), that "A purchaser at sheriff's sale under a mortgage fi. fa. will be protected when the rule absolute shows upon its face that the rule nisi was served upon the mortgagor according to law."

The judgment of forecloseure, as shown by the record, would be conclusive against the defendants (who, so far as the record discloses, did not contest the judgment of foreclosure), and upon a purchaser from them after the judgment absolute was rendered. See *Gunn* v. *Wades,* 62 *Ga.* 21. Of course, if there was no service at all, the judgment would be void, and it could be attacked collaterally by anybody; but if there is service, even though it be defective, the judgment absolute would be only voidable and could not be attacked collaterally. See *Hobby* v. *Bunch,* 83 *Ga.* 1, 12 (10 S. E. 113, 20 Am. St. R. 301). The criticism on the service here is that it was not made a sufficient length of time before the signing of the judgment absolute. But, as already stated, that would render the judgment absolute only voidable, and not void. If voidable, the defendants in the mortgage fi. fa. might have had the judgment set aside, if they had made a timely motion for that purpose. But third parties can not attack such judgment collaterally for a mere irregularity in the service of the rule nisi in the foreclosure proceedings.

From what has been said, and a review of the evidence in the case, the court properly directed a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur.*