## NOLAN *v.* SOUTHLAND LOAN & INVESTMENT CO.

60

No. 9339.   MAY 11, 1933.

*Noah J. Stone,* for plaintiff.   *Ezra E. Phillips,* for defendant.

BELL, J.   R. L. Nolan filed a suit in equity against Southland Loan & Investment Company seeking to cancel and to enjoin the enforcement of three judgments rendered in favor of the defendant and against the plaintiff, in the municipal court of Atlanta.   The defendant filed a general demurrer, which the court sustained, and the plaintiff excepted.   The grounds upon which the plaintiff sought the equitable relief were that the defendant in its transactions with the plaintiff was acting as a licensee under the act of August 17, 1920 (Ga. L. 1920, p. 215), providing for licensing and regulating the small-loan business, and that the judgments in question were illegal and void because they aggregated an amount in excess of $300, contrary to the provisions of section 13 of the act referred to, and also because they were taken upon confessions of judgment, in violation of section 15.   It appeared from the petition that one of these judgments was based upon a note dated June 12, 1929, for the sum of $140, with interest at $3\frac{1}{2}$ per cent. per month from August 9, 1929.   Upon a suit duly filed upon this note against Nolan and another as makers, a judgment was rendered by the municipal court on November 1, 1929, for the sum of $140 principal, besides interest.   This judgment contained a recital that it was rendered on the "consent" of the defendants, and "on motion of said defendants and the plaintiff."   The other two judgments, one being for the sum of $150 principal, and the other for the sum of $118.75 principal, were rendered in separate suits on notes executed in 1929, each for less than $300, and these two judgments bore the same date as the one first referred to.   In other words, all three of the judgments were rendered on November 1, 1929, and as to principal they aggregated $408.75.   There was no recital as to "consent and motion" of the defendant, except in the judgment first mentioned.

Section 13 of the act of 1920 provides that "no person shall owe any licensee, as such, at any time more than three hundred dollars ($300) for principal." Section 15 provides that "no licensee shall take any confession of judgment or any power of attorney." By section 18 it is made a misdemeanor, punishable as therein prescribed, for a licensee to violate any of the provisions of section 13. There is no such provision as to a violation of section 15, but this is not important in the view which we take of the present case.

■ No one of the notes or judgments exceeded the sum of $300, and as to this ground the defect in the alleged cause of action did not appear upon the face of the judgment or the record. Each of the suits in the municipal court appeared to be based upon a valid cause of action, and so far as the amount was concerned each of the judgments appeared to be regular and valid. The fact that the plaintiff in the present suit may have owed to the defendant more than $300 was a matter of defense, to be asserted in each of the suits in the municipal court, and the judgments were not void and subject to be canceled or enjoined by a court of equity merely because they aggregated a sum in excess of $300. Although the notes themselves may have been subject to defense, these contracts have now been merged into judgments, and it is conclusively presumed that the plaintiff made all of the defenses which he might have made under the law.

In *Gatewood* v. *City Bank,* 49 *Ga.* 45, a judgment was attacked in equity upon the ground that it was based upon an usurious contract. In the opinion delivered by Judge McCay it was said: "The general rule that a judgment of a competent court concludes the parties to it and their privies, on all questions pertaining to the merits of the action, is almost without qualification, and is of universal acceptation: See Phillip's Evidence, volume 2, pages 4-10; and Cowen's American Notes to Phillips, volume 4, page 1. Even equity will not interfere, except for fraud, accident, surprise, mistake, etc., and only then on proof of due diligence by the complainant. And Lord Eldon, in 14 Vesey, 31, says in reference to this very question of coming into equity for relief against a judgment at law, on the ground of usury, that the neglect to plead at law is no ground for equitable interference. . . As a matter of course, if there be fraud in any of the other grounds for equitable interference, there is no difficulty; but if the only objection to the judg-

ment is that the original debt was usurious, the doctrine seems to be settled that it is too late to ask even chancery to interfere, after a regular judgment at law."

In *Owens* v. *Van Winkle Gin Co.,* 96 *Ga.* 408 (23 S. E. 416, 31 L. R. A. 767), this court held as follows: "A judgment regularly rendered, even by default, is binding upon parties and privies; and that the cause of action was the failure to pay a promissory note founded upon a gaming consideration, is no such exception to the general rule as will authorize a court of equity, after judgment, to interfere by injunction with its enforcement." In the opinion it was said: "In this State we have no statute which renders void judgments founded on debts based upon a gaming consideration; and if that defense be relied upon to defeat an action, it must be pleaded as any other at common law; and if the defendant suffer judgment to go against him, the debt of the plaintiff stands purged of its impurity, and the defendant is thereafter concluded. So far as the moral aspect of the two defenses is concerned, usury and gaming consideration stand upon the same footing, and in this State they stand upon the same legal footing with respect to the conclusiveness of judgment based thereon. In neither case is the judgment rendered void, and after judgment the defendant is concluded, either as to usury or gaming consideration."

The act of 1920 is altogether silent as to the validity or invalidity of a judgment based upon a contract which may involve a violation of the statute, and the fact that the contract itself may be void or voidable for such cause will not afford ground for relief in equity. "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." Civil Code (1910), § 4585. "The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Civil Code (1910), § 5965.

■ It is further claimed that the judgments are illegal and void because they were taken upon confessions of judgment, whereas it is provided by the act of 1920 that "no licensee shall take any confession of judgment or any power of attorney." This provision

does not refer to the rendition of judgments, but merely prohibits the taking of any statement or instrument from the debtor "whereby he admits or confesses the right of the plaintiff to take a judgment against him." *Thomas* v. *Bloodworth*, 44 *Ga. App.* 44, 46 (160 S. E. 709); *Information Buying Co.* v. *Miller*, 173 *Ga.* 786 (161 S. E. 617). Whether or not the procuring of a confession of judgment would have constituted ground for resisting a recovery in the municipal court, such fact alone would not be cause for a suit in equity to cancel the judgment or to enjoin the enforcement thereof. If the matter here referred to would have affected the right of recovery in any manner, it should have been appropriately asserted in the municipal court, the principles stated in the preceding division being equally applicable to this ground.

■ But one of the judgments contained a recital that it was rendered on the consent and motion of the defendants therein, one of whom is the plaintiff in the present case. This recital does not show that the judgment was based upon a confession of judgment, and hence the judgment does not in any view appear upon its face to be invalid. There is no contention that the recital is untrue, and it should be taken as true until the contrary is made to appear. *Lee* v. *Pearson*, 138 *Ga.* 646 (3) (75 S. E. 1051). The act of 1920 contains no provision against the rendition of a judgment by consent. A judgment entered by the consent of the parties should not be set aside even by the court rendering it "without some grave cause, such as fraud, mistake or conduct of the opposite party by which the plaintiff was misled, and not then, unless he showed satisfactorily that the action was taken without any mixture of fraud or negligence on his own part." *Marshall* v. *Livingston*, 77 *Ga.* 21 (5 *a*).

So far as appears, every matter relied upon in the instant petition could have been asserted in the municipal court by the exercise of proper diligence. "If a party is sued at law and has a legal defense, he must avail himself of it at law pending the suit, and can not afterwards ask for relief, unless he was prevented from so pleading his defense by fraud, accident, or the act of the adverse party, unmixed with negligence on his part." *Graham* v. *Graham*, 137 *Ga.* 668 (74 S. E. 426); *Latimer* v. *Irish-American Bank*, 119 *Ga.* 887 (47 S. E. 322). None of the facts alleged in the equitable petition were such as to affect the jurisdiction of the municipal court.

In each of the cases cited by counsel for the plaintiff in error, in which there was a reference to an illegal contract, a defense appeared to have been made directly in the suit based upon such contract, and no decision has been called to our attention in which it was held that a judgment might be set aside and canceled in equity merely because it was founded upon a contract which itself was subject to attack upon some ground of illegality.

The petition failed to state a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*