24739. Wilkins *v.* Travelers Insurance Company *et al.*

Jenkins, P. J. 1. Where the Department of Industrial Relations under the workmen's compensation act makes an award in favor of the claimant for compensation payable in a certain amount weekly during disability, the superior court has no authority or jurisdiction, on an appeal from the award, to render a final judgment for a lump sum in favor of the claimant and against the employer and the insurance carrier, in full and final settlement of the claim, in pursuance of the agreement of the parties not approved by the Department of Industrial Relations. *Department of Industrial Relations* v. *Travelers Ins. Co.,* 177 *Ga.* 669 (170 S. E. 883).

2. In the instant case, the original award of the Department of Industrial Relations, made on October 30, 1931, awarded compensation at $15 a week for 350 weeks, beginning August 2, 1929. On appeal from this award, the superior court on February 20, 1932, "ordered and adjudged that the appeal be, and the same is hereby, sustained, and the award of the industrial commission is set aside and vacated," that "the evidence of the claimant being to the effect that he was only partially disabled, the award of the industrial commission should have been under section 31 of the compensation act," and that, "in order to avoid further hearing, the court, with the knowledge and consent of all the parties, enters a final judgment in said case for $2500 covering compensation for 300 weeks from the date of the accident, as provided for in said section 31," and that "upon the payment of said amount" the employer and the insurance carrier "are released and discharged from all other and further liability on account of the alleged accident." The settlement in a lump sum had not been approved by the Department of Industrial Relations. The record, however, does not show that the part of the order setting aside the original award, and the finding that the award should have been under section 31, were part of the settlement for which judgment was entered in an ancillary part of the order; but such parts of the order appear to have been entered by the court independently on the merits of the case. The $2500 was paid. No writ of error was taken by either party. More than two years after the order, counsel for the claimant, on May 9, 1934, informed the department that the parties had failed to reach an agreement in regard to compensation, "because employer will not pay claimant the balance of $2500 at $15 per week, as provided in the original award," that the consent judgment for $2500 was void, that after applying such amount to the aggregate sum to May 9, 1934, the claimant was then entitled to $1220, and that his purpose was to recover "said amount due on said original award." After a new hearing and evidence, the department director found that no appeal was taken from the order of the superior court; that whatever disability the claimant sustained from his injury for which compensation was awarded had disappeared; that such disappearance was presumably within the time covered by the $2500 payment; that the claimant had received sufficient compensation to cover any disability resulting from his injury; and that his condition at the time of the hearing was due to disease and not to the injury. The superior court on appeal by the claimant affirmed this decision, denying additional compensation. *Held:*

(a) The original judgment of the superior court, setting aside the award of the Department of Industrial Relations, being valid, without any writ of error therefrom by any party at interest, the award did not exist at the time of the claimant's instant application for further compensation thereunder. Accordingly, irrespective of the reasons assigned by the department for denying such compensation, it did not err in such denials, and the superior court properly affirmed its decision.

(b) Moreover, even if the entire original order by the superior court could be taken as invalid, so as to leave of force the original award, the procedure taken by the claimant was not proper under the compensation act, and the further award sought from the Department of Industrial Rela-

tions would not have been authorized. Section 56 of the compensation act provides for an application to the Department of Industrial Relations for a hearing, in cases of disagreement between the employer and employee with regard to compensation, or of a disagreement between them as to the continuance of any weekly payment "under an agreement which has been signed and filed with the department," where "compensation has been paid or is due in accordance therewith." Code of 1933, § 114-706. This section has reference to hearings before the department preceding any award. Section 45 of the act further provides that, "upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Department of Industrial Relations may at any time review any award or any settlement made between the parties and filed with the department, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided" in the act. § 114-709. In the instant case, the claimant filed no application for any "review" of the previous award or settlement, or for "an award ending, diminishing, or increasing the compensation previously awarded or agreed upon" under "any settlement . . filed with the department," as provided by this section. He sought merely by an application to the department to have a hearing "for the purpose of recovering" an alleged balance of $1220 "due on said original award," made more than two years and a half prior thereto, without setting forth, as required by the act, any "ground of a change in condition." Section 60 makes provision for obtaining in the superior court a judgment to make effective and enforce a previous award of the department (Code, § 114-711); but it does not appear that the claimant ever followed that procedure. For this additional reason, the department properly denied his claim before it for a new award of compensation based on the original award, even if that award remained of force and effect under the first order of the superior court vacating and setting it aside.

Judgment affirmed. Stephens and Sutton, JJ., concur.

DECIDED NOVEMBER 18, 1935.

*Ben C. Williford,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.