24876. YORK *v.* EDWARDS *et al.*

DECIDED JANUARY 14, 1936.

*John L. York,* pro se. *J. C. & H. E. Edwards,* contra.

JENKINS, P. J. This was a petition with a rule nisi to foreclose an attorney's lien against real estate, under the statutory procedure analogous to the foreclosure of a mortgage on real estate. The lien was recorded on August 27, 1932. The petition and a second original were filed on August 18, 1933, and the rule nisi was signed by the judge on August 19, 1933. This was made answerable, as provided by the statute, on the first day of the next term, beginning the fourth Monday in November, 1933. The rule nisi provided that "service of this rule be perfected on said [two defendants] as provided by law by second original or publication." The defendant, now excepting to the procedure, who resided in DeKalb County, was served on August 28, 1933, "personally with a copy of the within petition and order." On November 27, 1933, that defendant filed a traverse of the officer's return of service, and a plea in abatement, attacking the return and the jurisdiction of the court, on the ground that the process and purported service were defective and illegal, because the copy of the rule nisi served had not been certified by the clerk of the court. On the same date, the defendant filed general and special demurrers and an answer to the merits of the petition, reciting that both pleadings were filed without waiving his traverse or plea in abatement. On February 3, 1934, before adjournment of the November term, 1933, on ex parte motion by the plaintiffs, the judge signed an amended rule nisi, setting forth the previous procedure, the service of the copy of the original rule nisi, and the contention of the plea that it was void and a nullity, and ordering that the original rule nisi and the

amending order be served on the defendant by serving certified copies of such orders as well as the petition; and that the defendants pay into court the lien debt by the first day of the March term, 1934, "or the next succeeding term of said court to which service and return thereof can be lawfully perfected." Service as thus provided was made on the defendant on February 26, 1934. On June 2, 1934, without waiving his previous pleadings, but insisting thereon, the defendant filed a motion to dismiss the action, on the grounds, that the order of February 3, 1934, had been granted ex parte without notice; that, the original rule nisi and attempted service being void and "functus officio," no suit was legally pending when the amending order was made, after the return term and during the trial term of the case, and the court was without authority to make the order; and that, the rule nisi not having been legally served, the foreclosure suit was not commenced within twelve months from the record of the lien, August 27, 1932, and was barred by the statute of limitations. The demurrers attacked the failure to set forth the contract, or to itemize the legal services for which the lien was claimed. The petition and attached copy of the recorded claim of lien of $300, made part of the petition, stated that the services were the successful defense of the defendants through five years of litigation in a specifically described case, resulting in an alleged benefit to them of the value of $9900. Error is assigned on a verdict and judgment for the plaintiffs, because of the rulings adverse to the defendants on the pleadings stated; but no question is presented as to the merits of the case under the evidence.

1. "Void process may not be amended, nor, in the absence of waiver, may process be supplied." Code of 1933, § 81-1313. But "No technical or formal objections shall invalidate any process; but if the same shall substantially conform to the requisites of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: Provided, a legal cause of action as required by this Code is set forth." § 81-220. "A proceeding to foreclose an attorney's lien upon real property is to be brought as is a proceeding to foreclose a mortgage upon land, . . the process is a rule nisi issued by the court, and not a process issued by the clerk as in ordinary cases." *Moss* v. *Strickland*, 138 *Ga.* 539, 541 (75 S. E. 622) ; *McCalla* v. *Nichols*,

102 *Ga.* 28 (28 S. E. 988) ; *Montgomery* v. *King,* 123 *Ga.* 14 (2) (50 S. E. 963) ; Code, §§ 9-613, 67-201, 67-2301. While the rule nisi signed by the judge differs from the process issued by the clerk in ordinary cases, under §§ 81-201 to 81-220, inclusive, in that there must be personal service or service by publication, and the leaving of a copy at the defendant's residence is not sufficient, as well as differing in other respects (*Southern States Phosphate Co.* v. *Clark,* 149 *Ga.* 647 (2), 101 S. E. 536; *Moss* v. *Strickland,* supra), it is nevertheless in many respects analogous to regular process. Thus, as in the case of ordinary process served an insufficient length of time before the appearance term, which the statute makes good for the next succeeding term (Code, § 81-218), it has been held that "a rule nisi issued upon a petition to foreclose a mortgage upon realty, service of which is made prior to the term at which the mortgagee is directed to pay the money into court, but too late to be due service for that term, goes over and becomes returnable to the next succeeding term." *Ray* v. *Atlanta Banking Co.,* 110 *Ga.* 305 (3) (35 S. E. 117), and cit.; *Vaughn* v. *Farmers & Merchants Bank,* 145 *Ga.* 338 (89 S. E. 195). While courts in some jurisdictions have said that it is the proper and better practice, where a decision or order of a court is rendered, requiring service of the decision or order upon a party, and there is no statute, rule of court, or provision in the order itself as to what sort of copy shall be served, that a copy of the original order duly certified by the clerk should be delivered to the party (42 C. J. 540, § 232, and cit.), yet it is also the generally recognized rule that where process or pleadings are to be served upon a defendant, the copies delivered need not be certified, in the absence of a statutory requirement. 50 C. J. 484, § 79; 49 C. J. 655, § 927, and cit. In the instant case, the mortgage-foreclosure statute not requiring service of a certified copy of the rule nisi on a defendant residing outside of the county of foreclosure, where the land was situated, the fact that an uncertified but undisputedly true copy was duly served did not render void the process, service, or proceeding. Especially would this seem clear where the rule nisi itself provided that service be perfected "as provided by law by second original or publication." Whether or not the provisions of the Code, § 81-215, applicable to ordinary process, that "if any of the defendants reside out of the county, the clerk shall issue a *second original and*

*copy* . . and forward the same to the sheriff, who shall serve *the copy* and return the second original, with his entry thereon, to the clerk of the court from which the same issued," are ordinarily applicable to the service of rules nisi in mortgage and lien foreclosures on defendants residing outside of the county, there is no prohibition of law against such manner of service, and the judge having in effect so provided in his rule nisi, the service of an ordinary copy in accordance therewith was not a nullity. The statement in *Falvey* v. *Jones,* 80 *Ga.* 130 (4 S. E. 264), that "all that was necessary to do was for the clerk to make a certified copy of the rule nisi, and send it with the original to the sheriff . . (with his fee for service), let the sheriff serve the copy and return the original to the clerk with his entry of service thereon," was clearly obiter, since the only question there involved was whether service by an official person instead of the sheriff was legal. It was further stated in the opinion in that case that "it is usual to provide in the rule the mode of service [as was done in the instant case], but this is not necessary." Merely defective service, like defective process, which is not wholly illegal and insufficient, does not render a subsequent judgment void, and is no cause for abatement of the suit. *Milltown Lumber Co.* v. *Blitch,* 146 *Ga.* 253, 255 (91 S. E. 62); *Hobby* v. *Bunch,* 83 *Ga.* 1, 12 (10 S. E. 113, 20 Am. St. R. 301); *Harris* v. *Taylor,* 148 *Ga.* 663, 667 (98 S. E. 86); *Minsk* v. *Cook,* 48 *Ga. App.* 567 (3), 570 (173 S. E. 446); *Hayes* v. *American Bankers Ins. Co.,* 46 *Ga. App.* 552 (167 S. E. 731); *Fielding* v. *M. Rich Co.,* 46 *Ga. App.* 785, 787 (169 S. E. 383).

2. Where there is a total absence of a rule nisi in a mortgage foreclosure, as with a total absence of legal process in an ordinary suit, or where the plaintiff or his attorney has been guilty of laches in correcting amendable imperfections in the process or service until after the return term, the suit fails, and the mere filing of the petition will not suffice to authorize the action to be treated as commenced and pending. But where valid process has been issued with a suit setting out a cause of action, and there has been no sufficient service through no fault or laches of the plaintiff or his attorney, the judge may by order provide for the correction of any mere irregularity in the process or service; and after the perfection of service, even though subsequent to the return term, such

service will relate to the date of the filing of the petition, which will be treated as the time of commencement of the suit. Code, § 81-112; *Lee* v. *Pearson,* 138 *Ga.* 646 (3) (75 S. E. 1051); *Simmerson* v. *Herringdine,* 166 *Ga.* 143 (142 S. E. 687); *Sims* v. *Sims,* 135 *Ga.* 439, 442 (69 S. E. 545); *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 87); *Church* v. *Church,* 151 *Ga.* 98, 101 (106 S. E. 114); *Adams* v. *Farmers & Merchants Bank,* 47 *Ga. App.* 420, 422 (170 S. E. 704), and cit.; *Nail* v. *Popwell,* 32 *Ga. App.* 20 (122 S. E. 632); *Union Marine Fire Ins. Co.* v. *McDermott,* 31 *Ga. App.* 676 (121 S. E. 849); *McClendon* v. *Ward-Truitt Co.,* 19 *Ga. App.* 495, 498 (91 S. E. 1000); *Southern States Phosphate Co.* v. *Clark,* 19 *Ga. App.* 376 (2), 386 (91 S. E. 573). In the instant case, even if the service of an ordinary copy of the lien-foreclosure rule nisi should be treated as insufficient, it was only an irregularity which did not render the proceeding and process void; and where no laches or negligence by the plaintiff or his counsel appeared, the court did not err, during the return term under the original rule nisi, after the defendant had filed a traverse and a plea in abatement attacking the manner of service, in entering an amendatory order which extended the time for payment or defense to the next legal term, and provided that certified copies of the original rule nisi and the amendatory order be served on the defendant. Proper service of these orders rendered legal the subsequent verdict and judgment for the plaintiffs, irrespective of the regularity of the original service. See *Lee* v. *Pearson,* supra. The defendant, having had his day in court, with full knowledge of every phase of the proceedings, in which he participated, after service of the undisputedly accurate copy of the original rule nisi and subsequent due service of the certified copies, was not entitled to have the judgment set aside as void, under the exceptions to the refusal of the court to dismiss the proceeding on his motion and plea in abatement.

The defendant having been duly served, if not at first, in any event by the final service, and such service relating to the date of filing the petition, which was within the statutory period of limitation following the record of the lien, the foreclosure proceedings were not barred; and the court did not err in denying the motion to dismiss the action on this ground.

394

3. The petition to foreclose the attorneys' lien, and the lien itself which was made part of the petition, having fully set forth the nature of the cause and the litigation in which the legal services were rendered upon an implied contract or quantum meruit, it was unnecessary to split and itemize the particular detailed services, so as to state a specific charge for each item. *Walker* v. *Floyd,* 30 *Ga.* 237, 240. The court did not err in overruling the demurrers.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*