36296. HEATH *v.* STANDARD ACCIDENT INSURANCE COMPANY *et al.*

DECIDED OCTOBER 1, 1956—REHEARING DENIED OCTOBER 23, 1956.

*John Henry Poole,* for plaintiff in error.

*Harris, Russell, Weaver & Watkins, John D. Comer,* contra.

NICHOLS, J. Assuming but not deciding, as the employer and insurer contend, that a hearing may be requested under Code § 114-706 as amended by the act of 1945 (Ga. L. 1945, p. 462) after the agreement entered into between the parties has been approved by the State Board of Workmen's Compensation, when there is a disagreement between the employee and the employer and insurance carrier, where it is not alleged that there has been any change in condition involved in the disagreement (see in this

connection, *Wilkins* v. *Travelers Ins. Co.*, 52 *Ga. App.* 142, 144, 182 S. E. 628), the appellate courts of this State have consistently held that an award of the board unappealed from is res adjudicata and is binding upon the parties in the absence of fraud, accident or mistake. See *Liberty Mutual Ins. Co.* v. *Morgan*, 199 *Ga.* 179, 181 (33 S. E. 2d 336), and cases cited. Inasmuch as an unreversed award of the board may be enforced as other judgments of the superior courts (Code § 114-711), this fraud, accident, or mistake referred to is the same as is set forth in Code § 37-219. Under the decisions of the Supreme Court in *Marshall* v. *Livingston*, 77 *Ga.* 21 (5a), and *Nolan* v. *Southland Loan &c. Co.*, 177 *Ga.* 59, 63 (169 S. E. 370), this remedy is not available in cases where a consent judgment has been rendered (the award based on the agreement amounting to a consent judgment), "without some grave cause, such as fraud, mistake or conduct of the opposite party by which the plaintiff was misled, and not then, unless he showed satisfactorily that the action was taken without any mixture of fraud or negligence on his own part." *Marshall* v. *Livingston*, supra.

In the present case it affirmatively appears that the insurer made no investigation of the incident out of which the claim arose other than to receive a statement from the claimant after it was notified by its assured, the employer, Foremost Builders Supply Co., of the accident, and immediately entered into the agreement with the claimant that was later approved by the board. Certainly it cannot be said that the insurer could not have found out the type of contract that existed between its assured and the claimant (it being claimed that the claimant was contractor and not an employee of the Foremost Builders Supply Co.) before the agreement approved by the board was entered into simply by inquiring of its assured as to the type of contract between it and the claimant. Therefore, it cannot be said that there was no negligence on the part of the insurer in entering into the agreement on which the award of the board was based, and the Superior Court of Tift County erred in reversing the award of the full board denying the request of the insurer to set aside such award.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

## On Motion for Rehearing.

The defendants in error contend in their motion for rehearing that the evidence presented before the board demanded a finding that the claimant was a subcontractor and not an employee of the Foremost Builders Supply Co., that therefore the board was without jurisdiction when the original award was rendered, and that the only award that could be legally made was one setting aside the original award inasmuch as there is nothing the parties can do to confer jurisdiction upon the board when it does not possess jurisdiction under the act of the legislature which created it.

The movants cite cases in support of their contentions where the "claimant" as a matter of law was not an employee (where he was held to be a public officer) or where the evidence demanded, on the hearing to *determine liability*, a finding that he was not an employee, and one case where the appeal from the award of the board was made to a superior court that did not have jurisdiction. (The appeal must be made to superior court of the county where the injury occurred.) Code § 114-710.

In the present case the original award, which the insurer and employer are seeking to set aside, was demanded by the agreement between the parties which stated that the "claimant" was an *employee*. The question of whether a claimant is an employee is generally a question of *fact* and not of *law*. The cases cited by the movants wherein it was held that the claimant was not an *employee* but a *public officer* are exceptions to the general rule and the question was one of *law* and not of *fact*. The original award in this case was supported by the evidence and the question on the second hearing was not merely whether the *claimant* was an *employee* or a *subcontractor* but was whether the first award was entered into by such "fraud, accident, or mistake" as would allow the first award to be set aside. Therefore, since the board had jurisdiction of the claim the motion for rehearing is without merit, and it follows that the judgment of reversal heretofore rendered was correct.