**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 9, 2012**

# In the Court of Appeals of Georgia

A12A1187. DEUTSCHE BANK NATIONAL TRUST COMPANY
v. HOBBS.

MILLER, Presiding Judge.

Deutsche Bank National Trust Company (the "Bank"), as trustee for Ameriquest Mortgage Company ("Ameriquest"), filed suit against Cheryl B. Hobbs to collect on a promissory note. In addition to collecting upon the note, the Bank sought to reform the deed securing the loan and requested a judicial foreclosure on the property listed in the security deed. Hobbs failed to answer the Bank's complaint, and the Bank moved for a default judgment. The trial court granted the Bank's motion for default judgment on the issue of collection upon the note. The trial court, however, denied the Bank's motion on the issues of reformation of the security deed and judicial foreclosure. The Bank appeals, contending that court erred in failing to

grant a default judgment on all of its claims. Since Hobbs failed to move to open the default, the Bank was entitled to a default judgment on the issue of reformation. The Bank, however, was not entitled to a default judgment on the judicial foreclosure action because the trial court failed to issue the requisite rule nisi. Therefore, we affirm in part, reverse in part, and remand this case with direction for the trial court to issue a rule nisi for the judicial foreclosure action.

On appeal, we review a trial court's order denying a motion for default judgment for an abuse of discretion. *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816 (640 SE2d 343) (2006).

The record shows that in February 2006, Hobbs executed a promissory note in exchange for a $105,544 loan from Ameriquest. In connection with the loan, Hobbs executed a security deed, conveying Ameriquest, its successors, and its assigns an interest in a property located in Savannah, Georgia. Thereafter, Ameriquest assigned and conveyed its interests to the Bank.

After Hobbs defaulted on the promissory note, the Bank filed the instant action against Hobbs. In its complaint, the Bank sought to collect the unpaid balance on the promissory note, as well as a judicial foreclosure on the Savannah property. The Bank further sought to reform the security deed, alleging that due to a scrievener's error and

2

mutual mistake of the parties, the security deed failed to include provisions authorizing non-judicial foreclosure proceedings. In support of its reformation claim, the Bank cited a "power of sale" reference in the security deed; a "Waiver of Borrower's Rights" attached to the security deed and allegedly executed by Hobbs, which acknowledged the lender's power of sale through non-judicial foreclosure; and the "Closing Attorney's Affidavit" attached to the security deed, which stated that the attorney had explained to Hobbs the provisions of the security deed, including provisions authorizing the lender to sell the secured property through non-judicial foreclosure. The Bank further alleged that it generally used a "Uniform Security Deed" to secure the indebtedness of borrowers, and it attached a sample of a Uniform Security Deed that contained the relevant non-judicial foreclosure provisions the Bank wished to add to the security deed executed by Hobbs.

The Bank served Hobbs with the summons and complaint by sheriff's service on May 31, 2011. Hobbs never filed an answer or any other defensive pleadings in response to the complaint. As a result, the case was automatically in default. On July 19, 2011, the Bank filed a motion for default judgment. Hobbs did not respond to the motion. The trial court granted the Bank's motion for default judgment on the issue of collection upon the note, but denied the motion on the issues of reformation of the

security deed and judicial foreclosure. On appeal, the Bank alleges the following errors.

1. The Bank contends that the trial court erred by concluding the Bank was not entitled to reformation of the security deed. We agree.

There is no dispute that the case is in default, and that the time for opening the default has already expired. OCGA § 9-11-55 (a) (providing that default may be opened as a matter of right by filing defenses within 15 days of default). When a case is in default, the plaintiff is entitled to judgment "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence." OCGA § 9-11-55 (a). "The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein." (Citations and punctuation omitted.) *Fink v. Dodd*, 286 Ga. App. 363, 365 (1) (649 SE2d 359) (2007).

Here, by failing to respond to the complaint, Hobbs is deemed to have admitted the facts alleged therein. Specifically, Hobbs admitted that she consented to authorizing the Bank to initiate non-judicial foreclosure proceedings in the event of her default on the note. Hobbs also admitted that the parties intended to use a "Uniform Security Deed" that contained the non-judicial foreclosure provisions that

4

the Bank inadvertently omitted in this case. Moreover, Hobbs admitted that in executing the security deed, she granted the Bank the "power of sale" on the property. As a result of Hobbs's default, the Bank demonstrated that due to a mistake, the security deed did not contain the non-judicial foreclosure provisions, and that it was entitled to reform the security deed to include such provisions. See *Curry v. Curry*, 267 Ga. 66, 67-68 (1) (473 SE2d 760) (1996) (allowing reformation of the security deed where it was shown that due to a mistake, the deed did not reflect the true intent of the parties); *Evans v. Merrill Lynch Business Financial Svcs.*, 213 Ga. App. 808, 810 (4) (446 SE2d 215) (1994) (language in deed referring to a "power of sale" was sufficient to authorize non-judicial foreclosure). Therefore, the trial court erred in denying the Bank's motion for default judgment on the issue of reformation.

2. The Bank also contends that the trial court erred in concluding that the Bank was not entitled to a judicial foreclosure since the Bank failed to provide notice to Hobbs as required. We disagree.

Upon the filing of a petition to foreclose on a mortgage, the trial court shall grant a rule nisi directing the mortgagor to pay the requested sums into court. OCGA § 44-14-180 (1), (2). "Where there is a total absence of a rule nisi in a mortgage foreclosure, as with a total absence of legal process in an ordinary suit, . . . the suit

5

fails, and the mere filing of the petition will not suffice to authorize the action to be treated as commenced and pending." *York v. Edwards*, 52 Ga. App. 388, 392 (183 SE 339) (1936).

In its complaint, the Bank specifically requested that the trial court issue a rule nisi pursuant to OCGA § 44-14-180 to commence the judicial foreclosure action. The trial court was required to issue the rule nisi, see OCGA § 44-14-180 (2), and it erred by failing to do so. Nevertheless, the Bank was not entitled to a default judgment on the foreclosure claim because such an action commences only with the issuance of a rule nisi. See *York*, 52 Ga. App. at 392. Accordingly, we affirm in part, reverse in part, and remand with direction for the trial court to issue a rule nisi on the judicial foreclosure claim in accordance with OCGA § 44-14-180.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Ray and Branch, JJ., concur.*