**THIRD DIVISION
DOYLE, P. J.,
HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 20, 2025**

# In the Court of Appeals of Georgia

A24A1242. CRUZ v. MULE CAMP SPRINGS, LLC.

WATKINS, Judge.

In this premises liability action, the trial court granted summary judgment to defendant Mule Camp Springs, LLC. Plaintiff Luz Cruz appeals, contending that the trial court erred when it granted Mule Camp's motion to open default and denied Cruz's motion for reconsideration of that ruling. For the reasons that follow, we disagree and affirm.

This case began in September 2020, when Cruz sued Mule Camp for negligence, seeking damages for injuries she sustained while visiting a Wild Wing Café in a Gainesville shopping center owned by Mule Camp. Mule Camp's registered agent was served with the summons and complaint on October 28, 2020. On July 20, 2021,

Cruz moved for a default judgment, contending that Mule Camp had not timely answered. The following day, the trial court granted the motion in part, entered a default judgment as to liability only against Mule Camp, and scheduled a damages hearing for August 30, 2021.

On August 20, 2021, Mule Camp filed a motion to open default pursuant to OCGA § 9-11-55 (b).[1] Mule Camp attached its lease agreement with Wings of Gainesville, Inc. (the tenant that operated the Wild Wing Café where Cruz was injured) and the affidavit of Mule Camp's registered agent and sole member Milton Robson. One week later, the trial court continued the scheduled hearing on damages.

Following a hearing on Mule Camp's motion to open default, the trial court granted the motion on November 23, 2021. Cruz filed a motion for reconsideration, which the court denied. The court thereafter granted Mule Camp's motion for summary judgment, concluding that Mule Camp was an out-of-possession landlord

---

[1] In its motion, Mule Camp also sought to "set aside" the "default judgment" purportedly entered against it. That request was unnecessary, however, as no final judgment had yet been entered. See *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000) (a default judgment as to liability only is not a "final judgment" for purposes of OCGA § 9-11-55 (b)).

that could not be liable under the facts alleged and that, regardless, Cruz had equal or superior knowledge of the defect at issue.[2] This appeal followed.

On appeal from a trial court's grant of a motion to open default, our sole task is to "determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case."[3] We similarly review a trial court's ruling on a motion for reconsideration for abuse of discretion.[4] A trial court abuses its discretion when it issues a ruling that is unsupported by any record evidence or misstates or misapplies the law.[5]

---

[2] Cruz does not challenge the summary judgment rulings on appeal.

[3] *Majestic Homes v. Sierra Dev. Corp.*, 211 Ga. App. 223, 224 (1) (438 SE2d 686) (1993).

[4] *Claxton v. Adams*, 357 Ga. App. 762, 766 (2) (849 SE2d 494) (2020).

[5] *The Coastal Bank v. Rawlins*, 347 Ga. App. 847, 848 (821 SE2d 89) (2018).

If an answer in a civil case is not timely filed, "the case shall automatically become in default[.]"[6] If the case remains in default for 15 days, "the plaintiff at any time thereafter shall be entitled to verdict and judgment by default[.]"[7]

Nevertheless,

[u]nder OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open default.[8]

---

[6] OCGA § 9-11-55 (a); see *Deutsche Bank Nat. Trust Co. v. Hobbs*, 317 Ga. App. 842, 843 (733 SE2d 27) (2012).

[7] OCGA § 9-11-55 (a).

[8] (Citation and punctuation omitted.) *Sprewell v. Thompson & Hutson, South Carolina, LLC*, 260 Ga. App. 312, 313 (1) (581 SE2d 322) (2003).

"[T]he rule permitting opening of default is remedial in nature and should be liberally applied, and whenever possible cases should be decided on their merits as default judgment is not favored in law[.]"[9]

1. On appeal, Cruz first contends that Mule Camp was not entitled to open default because it did not "plead instanter" by filing a verified answer with its motion to open default. We disagree.

The plain language of OCGA § 9-11-55 (b) does not require a defendant to "plead instanter" to open default; rather, it requires the defendant merely to "*offer to plead instanter*[.]"[10] In its motion, Mule Camp expressly "offer[ed] to plead instanter." That is all the statute requires.[11]

---

[9] (Citation and punctuation omitted.) *Samadi v. Fed. Home Loan Mtg. Corp.*, 344 Ga. App. 111, 115 (1) (809 SE2d 69) (2017), disapproved in part on other grounds by *Bowen v. Savoy*, 308 Ga. 204, 209, n. 7 (839 SE2d 546) (2020).

[10] (Emphasis supplied.) OCGA § 9-11-55 (b).

[11] Cf. *Rapid Taxi Co.*, 244 Ga. App. at 429 (2) (a defendant need not file a verified answer with its motion to open default where it asserts a meritorious defense "by attaching to its motion an affidavit proper in form that effectively incorporate[s] the allegation in the motion" that it is not liable).

5

In her argument to the contrary, Cruz relies in part on *Patterson v. Bristol Timber Co.*,[12] in which we rejected the appellant's claim that the appellee's motion to open default "should have been denied because [the motion] was not contained in the [appellee's] verified answer" and concluded that the appellee had complied with OCGA § 9-11-55 (b) by filing a verified answer "setting out its defenses[ ]" contemporaneously with its verified motion to open default. Cruz's reliance is misplaced, however, as we did not, as she suggests, hold in *Patterson* that OCGA § 9-11-55 (b) requires a contemporaneous verified answer to be filed. Cruz's reliance on *Samadi v. Federal Home Loan Mortgage Corp.*[13] and *Grayson & Hollingsworth v. C. Henning Studios*[14] similarly is misplaced, as we did not hold in either decision that a verified answer is needed to satisfy the requirement of pleading instanter. Finally, Cruz's contention that Robson's affidavit "does nothing to disclose or outline Mule Camp's defenses" also is misplaced for the reasons addressed in Division 2, below.

---

[12] 286 Ga. App. 423, 427 (2) (a) (649 SE2d 795) (2007).

[13] 344 Ga. App. at 116-119 (1).

[14] 194 Ga. App. 531, 532-533 (391 SE2d 8) (1990).

This claim of error thus provides no basis for relief, and we affirm the trial court's ruling in this regard.

2. Cruz next argues that Mule Camp was not entitled to open default because its ability to raise a meritorious defense was barred by its failure to timely respond to Cruz's requests for admissions, which she served with her complaint. Again, we disagree.

"[T]he 'showing' required by [OCGA § 9-11-55 (b)] to be made 'under oath' includes the showing of a 'meritorious defense.'"[15] "[T]o establish a meritorious defense, a defendant must demonstrate that the outcome of the case may be different if the motion [to open default] is granted."[16] "This prerequisite does not require a defendant to show that it will completely defeat plaintiff's claim[.]"[17] While an affidavit offered in support of a motion to open default "need not contain in great detail the factual basis of the proposed defense[,]" it must set forth facts sufficient

---

[15] (Citation and punctuation omitted.) *Grayson & Hollingsworth*, 194 Ga. App. at 532.

[16] (Citation and punctuation omitted.) *Butterworth v. Safelite Glass Corp.*, 287 Ga. App. 848, 850 (1) (652 SE2d 877) (2007).

[17] (Citations and punctuation omitted.) *Samadi*, 344 Ga. App. at 116 (1) (a).

"for the trial court to determine that a meritorious defense had been factually raised."[18]

Under OCGA § 9-11-36 (a) (2), matters in requests for admissions are admitted by operation of law if not answered within 30 days of service.[19] At that point, the trial court has the discretion to permit the admissions to be withdrawn under certain conditions.[20]

Here, in its motion to open default, Mule Camp asserted that, if relief from default was granted, "the outcome [of the proceeding] would very likely be different, because Plaintiff seeks to hold Defendant Mule Camp Springs (an out-of-possession landlord) liable when the evidence may show that no liability can be attributed to this Defendant given its posture and lack of notice of any dangerous condition."[21]

---

[18] (Citations and punctuation omitted.) *Butterworth*, 287 Ga. App. at 850 (1); accord *Sprewell*, 260 Ga. App. at 314 (1) (on a motion to open default, "[t]he trial court must . . . have sufficient facts before it to determine if a meritorious defense is factually raised so that the judge can exercise discretion").

[19] *Neal v. State Farm Fire & Cas. Co.*, 300 Ga. App. 68, 69 (684 SE2d 132) (2009).

[20] See id.; see also OCGA § 9-11-36 (b).

[21] See OCGA § 44-7-14 ("Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant[.]"); *Starks v. USG Real*

Similarly, in support of its argument that it had established a "proper case" to open default, Mule Camp maintained that its defenses include "Defendant's status as an out-of-possession landlord of the leased premises." And in his supporting affidavit, Robson attested that, while Mule Camp owns the shopping center where Cruz was injured, it had leased the storefront where the 2020 injury occurred to Wings of Gainesville since 2013. Finally, the lease authenticated by Robson's affidavit supported the proposition that Mule Camp was an out-of-possession landlord.

Mule Camp filed its motion to open default on August 20, 2021. It thereafter filed a motion to withdraw admissions on November 10, 2021. The motion to withdraw admissions therefore was pending when the trial court granted Mule Camp's motion to open default on November 23, 2021.

Cruz does not cite — and we have not found — any on-point authority supporting her contentions that: (i) Mule Camp was required to file a motion to withdraw admissions contemporaneously with its motion to open default; and (ii) the

*Estate Foundation III*, 361 Ga. App. 406, 409 (1) (864 SE2d 621) (2021) (when a property owner is a landlord who has ceded possession to a tenant, "the landowner's control over the property and the concomitant ability to make the property safe becomes limited[,]" and the "landlord's liability to a third person who is injured on property which was relinquished by rental or under a lease is determined by OCGA § 44-7-14") (citations and punctuation omitted).

trial court lacked authority to open default until Mule Camp had withdrawn its admissions. Regardless, it is undisputed that the trial court ultimately granted Mule Camp's motion to withdraw admissions (which was pending when the court ruled on the motion to open default), a ruling that Cruz does not challenge on appeal.[22] Thus, even if it arguably may have been the better practice for the trial court to have granted the motion to withdraw admissions before opening default, any potential error in that regard was rendered moot when the court ultimately allowed Mule Camp to withdraw its admissions. A determination to the contrary here would unnecessarily elevate form over substance and contravene the propositions that opening default "should be liberally applied[ ]" and that default judgments are "not favored in law[.]"[23] This

---

[22] We deem abandoned Cruz's passing, conclusory suggestion that Mule Camp did not satisfy the criteria for withdrawing admissions because she asserts it within her argument that Mule Camp failed to raise a meritorious defense, rather than in its own enumerated error directly challenging the trial court's ruling permitting Mule Camp to withdraw its admissions. See *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 130 (1) (514 SE2d 884) (1999) ("Parties are not permitted to enlarge their enumeration of errors by including additional issues in their brief."); see also OCGA § 5-6-40 (an appellant's enumeration of errors "shall set out separately each error relied upon"); Court of Appeals Rule 25 (a) (4) (an appellant's brief must include an enumeration of errors, "which must identify separately and concisely each allegedly erroneous ruling the appellant relies on as a basis for reversal of the judgment on appeal").

[23] (Citation and punctuation omitted.) *Samadi*, 344 Ga. App. at 115 (1).

claim therefore also provides no basis for relief, and we affirm the trial court's ruling in this regard.

3. Finally, Cruz maintains that Mule Camp failed to establish a "proper case" for opening default. Once again, we disagree.

> [T]he "proper case" ground, under which the default was opened in this case, has been construed to confer discretion on the trial court broader than that conferred on the other two grounds, [providential cause and excusable neglect,] as if reaching out to take in every conceivable case where injustice might result if the default were not opened.[24]

This provision "conveys very ample powers to open defaults" and should be "liberally applied" in keeping with the policy of deciding cases on their merits.[25]

---

[24] (Citations and punctuation omitted.) *Nelson v. Bd. of Regents of the Univ. System of Ga.*, 307 Ga. App. 220, 223 (1) (704 SE2d 868) (2010); accord *Bowen*, 308 Ga. at 208.

[25] (Citations and punctuation omitted.) *Bowen*, 308 Ga. at 209; see also generally *SRM Realty Svcs. Group v. Capital Flooring Enterprises*, 274 Ga. App. 595, 604 (2) (617 SE2d 581) (2005) ("[D]efault judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law.") (citation and punctuation omitted).

"[W]hen determining whether a proper case exists for the opening of default," a trial court must "consider *all* the facts."[26] Thus, a finding that the defendant did not provide a "reasonable explanation" or "reasonable excuse" for failing to file a timely answer is insufficient — standing alone — to deny a motion to open default under the "proper case" ground.[27] Considerations pertinent to this ground include: (i) "[w]hether the plaintiff will be harmed or prejudiced by opening the default[;]"[28] and (ii) "whether the defaulting party acted promptly to open the default upon learning no answer had been either filed or timely filed."[29] A court also may consider whether, as here, "the opposing party elected not to raise the default issue until after the time under OCGA § 9-11-55 (a) had expired for the defaulting party to open

---

[26] (Citation and punctuation omitted; emphasis in original.) *Bowen*, 308 Ga. at 208; accord *Kittrell v. Dream Builder Investment*, 354 Ga. App. 687, 688 (1) (840 SE2d 461) (2020) (whether the "proper case" ground has been met is "an intensely fact-specific inquiry") (citation and punctuation omitted).

[27] See *Bowen*, 308 Ga. at 204, 208-209.

[28] Id. at 209.

[29] (Citation and punctuation omitted.) *Kittrell*, 354 Ga. App. at 688 (1).

12

default as a matter of right."[30] Nevertheless, to justify opening default for a "proper case," "the defendant's failure to file a timely answer must not have resulted from willful or gross negligence."[31] This Court's review of a trial court's determination as to whether a defendant's explanation for the failure to timely file an answer established a "proper case" is "exceedingly deferential."[32]

In Robson's affidavit — which Mule Camp attached to its motion to open default — he attested that, when he was served with this lawsuit in late October 2020, he forwarded the materials to Mule Camp's insurance agent. He then was led to understand that "Wild Wings had undertaken the defense of the pending lawsuit[,] that Mule Camp Springs had tendered its defense to Wild Wings[,] and that no further action was required by Mule Camp Springs in defending this lawsuit." He further attested that he first learned on July 21, 2021, that no answer had been filed and that

---

[30] (Citation and punctuation omitted.) *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 145 (2) (661 SE2d 185) (2008), disapproved in part on other grounds by *Bowen*, 308 Ga. at 209, n. 7.

[31] *Bowen*, 308 Ga. at 208-209.

[32] *Strader v. Palladian Enterprises*, 312 Ga. App. 646, 651 (719 SE2d 541) (2011); accord *Nelson*, 307 Ga. App. at 223-224 (1) ("[O]nce the four preconditions have been satisfied by a defendant, the trial court is vested with broad discretion in determining whether to open a default on the 'proper case' ground[.]").

Mule Camp was in default, after which he notified its insurer and retained counsel to defend it. In its order opening default, the trial court found that Mule Camp had made a "proper case" for opening default.

In her motion for reconsideration, Cruz contended that a June 28, 2021 voicemail from an attorney for Mule Camp's insurer to Cruz's prior counsel indicated that Mule Camp knew or should have known that it was in default at least as of that date. But rather than moving to open default at that time, the insurer instead sought to negotiate Cruz's consent to open default. Mule Camp then did not move to open default until nearly two months after the June 28 phone call. According to Cruz, this evidence shows that Mule Camp did not act with "reasonable promptness." In its order denying Cruz's motion for reconsideration, the trial court concluded that: (i) Mule Camp acted reasonably promptly when it moved to open default 30 days after the default judgment as to liability was entered on July 21, 2021; and (ii) even if Mule Camp should have known that it was in default as of June 28, 2021, "the additional 24 days would not alter the Court's finding of reasonable promptness."

The sole authority Cruz cites in support of her challenge to the trial court's ruling in this regard — *Vibratech, Inc. v. Frost*[33] — does not demand a different result. In *Vibratech*, we affirmed the denial of a motion to open default, concluding that the trial court did not abuse its discretion when it determined that the defendant "failed to provide a reasonable excuse" for (a) its "negligent and inexcusable failure to keep up with its registered agent" (on whom process was served), (b) its insurer's "inexplicable failure to recognize that it had a duty to defend" the lawsuit on the defendant's behalf, and (c) its failure to move to open default for several months after its insurer began defending it.[34] *Vibratech* does not control here for at least two reasons. First, the facts in that case, which concerned multiple missteps between the defendant, its registered agent, and its insurer, involved a scenario not present here.[35] Second, and more importantly, the Supreme Court of Georgia disapproved *Vibratech*

---

[33] 291 Ga. App. 133.

[34] Id. at 145-146 (2).

[35] See *Houston v. Lowes of Savannah*, 136 Ga. App. 781, 783 (1) (222 SE2d 209) (1975) ("No two cases of this type are exactly alike, thus each one must be viewed independently. This is particularly true in light of the broad discretion reposed in the trial judge in [Ga.] Code Ann. § 81A-155 (b), [the predecessor to OCGA § 9-11-55 (b)].").

to the extent that it was premised on the determination that the failure to provide a "reasonable excuse" is an appropriate inquiry under the "proper case" standard.[36]

Moreover, Cruz does not identify any prejudice resulting from the opening of default here, and she points to no record evidence indicating that Mule Camp's failure to timely answer resulted from "willful or gross negligence."[37] Consequently, Cruz has not met her burden of showing that the trial court abused its broad discretion when it concluded that Mule Camp established a "proper case" to open default, and we affirm the court's ruling in that regard.[38] And because we find no abuse of discretion in that ruling, we do not address Cruz's passing, conclusory, alternative claim that Mule Camp did not establish "excusable neglect."[39]

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*

---

[36] *Bowen*, 308 Ga. at 209, n. 7.

[37] See *Bowen*, 308 Ga. at 208-209.

[38] See *Nelson*, 307 Ga. App. at 224 (1) ("[I]t is not for this Court to determine whether, in the first instance, the proffered justification given by [the defendant] to the trial court as a basis for opening a default on the proper case ground is 'reasonable.'").

[39] See *Houston*, 136 Ga. App. at 782 (1) ("To impose 'excusable neglect' and 'providential cause' on a 'proper case' decision by the trial judge, is to excise by judicial surgery one-third of the statute.").