## Dykes *vs.* McClung.

1. In cases of foreclosure of mortgages, the service must be personal, or by publication under Code, section 3962. Service by leaving a copy at the residence of the defendant is not sufficient. Code, §§3962, 3339.
2. Where it appears on the face of the record that the mortgage foreclosed was made by a wife to pay the debt of her husband out of her property, and the rule *nisi* and rule absolute show the same facts, such a judgment may be set aside within three years, on motion. (JACKSON, C. J., alone.'

Judgment affirmed.

October 2, 1884.

JACKSON, Chief Justice.

[Mrs. Bettie McClung filed her petition to set aside a judgment against her in favor of W. M. Dykes, based on the foreclosure of a mortgage on certain realty. Two grounds for the motion were stated:

(1.) Because the only service of the rule *nisi* to fore-close the mortgage was by leaving a copy at the residence of the defendant, as appeared from the entry of the sheriff.

(2.) Because the record showed on its face that the judg-ment against her was illegal.

The record of the foreclosure showed that J. H. McClung, the husband of the movant, made a note to J. F. Lewis & Son, with Dykes as security; that to secure the latter against loss, McClung and his wife made the mortgage to him; that he was compelled to pay the debt, and there-upon proceeded to foreclose the mortgage against the hus-band and wife; that service was made by the sheriff by leaving a copy at the residence of the defendants; and that no cause being shown against the foreclosure, a rule absolute was granted.

The court granted the motion and set aside the judgment as to the movant.   Respondent excepted.]