Meeks, administratrix, *vs.* Johnson, executrix.

When a plaintiff or complainant in a pending cause dies, his executor or administrator may be made a party, on motion in writing, of which the defendants or their counsel shall have notice. Where, pending the foreclosure of a mortgage, the defendant died, and his administratrix was made a party by *scire facias*, and the plaintiff having died, his executrix was made a party, without notice to the defendant, and judgment of foreclosure was at once rendered, the defendant not being present in person or by counsel, she had not had her day in court, and having a good defence to the foreclosure, an affidavit of illegality would lie to the *fi. fa.* issued thereunder.

(*a.*) If the mortgage was given to secure a debt in Confederate money, and large payments had been made upon it, nearly or quite sufficient to have extinguished the debt, and the foreclosure was pro-

ceeding for the principal and interest in full in the present currency, this furnished a good ground of defence.

(*b.*) If the only service of the rule *nisi* to foreclose the mortgage was by leaving a copy at the most notorious place of abode of the defendant, and there was no personal service, this furnished a good ground of defence to the foreclosure.

(*c.*) It makes no difference that the foreclosure of the mortgage was proceeding in the name of the mortgagee for the use of another. The legal title to the mortgage was in the mortgagee, and the case could not proceed until his executrix was made a party, of which the defendant was entitled to notice.

December 22, 1885.

Parties    Notice.    Mortgage.    Service.    Illegality.    Before Judge FAIN.    Bartow Superior Court.    July Term, 1885.

Reported in the decision.

J. B. CONYERS ; M. R. STANSELL, for plaintiff in error.

THOS. W. MILNER ; J. M. NEEL ; T. WARREN AKIN, for defendant.

JACKSON, Chief Justice.

This is an affidavit of illegality to an execution issued on the foreclosure of a mortgage given by the intestate of plaintiff in error to Abda Johnson, the intestate of Fannie T. Johnson, executrix, for the use of one Thrash.    The record discloses several grounds taken in the affidavit, but the view which we entertain of the case dispenses with the necessity of considering but one.    That one, we are clear, was illegally overruled on demurrer, and on that ground the judgment must be reversed.

That ground is :

"Because Abda Johnson, being original plaintiff in said action, and having died testate on or about the —— day of July 1881, and his wife, Fannie T. Johnson, having been the executrix of his last will and testament, she, the said Fannie T. Johnson, as the executrix of Abda Johnson, deceased, was at the November adjourned term, 1881, of Bartow superior court, made party plaintiff in said

action, on motion of counsel, and deponent avers that she had no notice, either in writing or otherwise, of such motion, as is required by law; and deponent further avers that she knew nothing of said motion, nor of the judgment of foreclosure being taken, until execution on the same had been issued and levied, but deponent was aware of the fact of the death of the said Abda Johnson, she having received information thereof within a week thereafter; and therefore deponent says, for the reasons above stated, said judgment of foreclosure is illegal and void as well as said *fi. fa.* for want of notice to this deponent, who was the defendant in said action, as by the statutes in such cases is required."

It is the law, declared in section 3421 of the Code, that "when a plaintiff or complainant in any cause now or hereafter pending shall die, the executor or administrator of such plaintiff or complainant may be made parties on motion, to be made in writing, of which the defendants or their counsel shall have notice."

So that the plaintiff in error had no notice that parties were made, and no day in court to defend the attempt to foreclose the mortgage, although the record shows that she had good defences thereto. Two defences seem to have been good, if she had been present by herself or counsel to defend: one that there had been no legal service on her intestate, and the other that the mortgage was given in Confederate times, and yet the judgment of foreclosure was for principal and interest in full of the present currency.

The case had been in court ever since September, 1865, against Hillery Meeks, the intestate of plaintiff in error; large payments had been made upon it, and sufficient to have extinguished the debt, or nearly so, if estimated in Confederate values; and the only service upon the intestate of plaintiff in error, who was served in 1865, was by leaving a copy at his most notorious abode, instead of personal service required by law. Code, §3962; *Dykes vs. McClung,* 74 *Ga.,* 382.

Therefore she had a good defense, if this record speaks the truth and this and the other affidavits are true, and had she received notice that parties had been made, and

the case was ready for trial by parties having been made, she could have successfully defended the suit. It was the duty of the defendant in error to give that notice, and that not being done, and the plaintiff in error never having had her day in court to defend, by reason of this non-compliance with the law, the judgment of foreclosure must fall, and with it the execution and levy, and the case stand where it did before the judgment of foreclosure, with the right of the plaintiff in error to make such defences as she may have to the foreclosure of the mortgage.

It is proper to state that the bill of exceptions further states that the plaintiff in error was not served with notice that Mrs. Johnson had been made a party, neither herself nor any counsel of hers.

It makes no difference that Thrash was the usee of the mortgage. Abda Johnson had the legal title, and the case could not proceed till his executrix was made a party, of which Mrs. Meeks was entitled to notice. But the record shows that the executrix was made a party, the plaintiff in error made a party, *scire facias* having been issued according to law the May before, the case disposed of in her absence and no counsel present, the foreclosure had, the judgment to sell the land rendered, and all at once on the same day, in her absence and that of counsel, if she had any. She was present neither in person nor by counsel.

She must have her day in court, and as she was not served with notice, illegality is the remedy, or at least one remedy. Code, §§3670, 3671.

Judgment reversed.