FALVEY, for use, *vs.* JONES.

A rule *nisi* to foreclose a mortgage on land must be served by the sheriff. Service thereof by an unofficial person is not legal.

October 7, 1887.

Mortgages. Service. Process. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1887.

Reported in the decision.

BROYLES & JOHNSTON, for plaintiff.

No appearance for defendant.

Falvey, for use, vs. Jones.

SIMMONS, Justice.

Falvey, the plaintiff in error, filed his petition in Fulton superior court to foreclose a mortgage on certain land in Fulton county. The defendant, Jones, resided in Habersham county. A rule *nisi* was issued, and served on Jones by one Dairs, a private individual, who resided in Habersham county. He made affidavit that he had served Jones with a copy of said rule *nisi*. At the second term of the court, plaintiff's counsel moved to make the rule absolute which motion was refused by the presiding judge, upon the ground that Jones, the defendant, had not been served legally with a copy of the rule *nisi*; in other words, that a service made by an unofficial person was not a legal service. To this ruling of the judge the plaintiff excepted, and brings the case here on writ of error.

It is contended by counsel that, as section 1962 of the code does not say in terms that the rule *nisi* shall be served by the sheriff, it is legal for any one to serve it who will make affidavit of the service. We do not concur in this construction of the section. We think that a rule *nisi* is judicial process. It commands the defendant to appear at the next term, and show cause, etc. It is a process or order of the court, and it is the duty of the sheriff " to execute and return the process and orders of any court of record in this State." Code, §361. All that was necessary to do was for the clerk to make a certified copy of the rule *nisi*, and send it with the original to the sheriff of Habersham county (with his fee for service), let the sheriff serve the copy and return the original to the clerk with his entry of service thereon. It is usual to provide in the rule the mode of service, but this is not necessary.

We are the more confident that we are right in this construction, from the uniform practice in the courts. As far as we know or can learn, the practice in all the courts of this State has uniformly been for these rules to be served by the sheriffs.

Judgment affirmed.