MONTGOMERY *v.* KING, for use, etc.

EVANS, J. 1. Where a petition does not set forth the cause of action in orderly and distinct paragraphs numbered consecutively, this defect in form may be cured by amendment, as was done in the present case.

2. In a proceeding to foreclose a mortgage, the law does not contemplate that process shall be issued by the clerk of the court as in ordinary suits (Civil Code, § 4974), but expressly provides that the judge of the superior court shall, upon petition, summarily grant a rule nisi against the mortgagor, directing the principal, interest, and costs to be paid into court on or before the first day of the term next succeeding that at which the rule is issued; which rule shall be published once a month for four months, or served upon the mortgagor at least three months previous to the time at which the money is directed to be paid into court. Civil Code, § 2743. The rule nisi is the process under which service upon the mortgagor is perfected and jurisdiction over his person acquired. *Stiles* v. *Elliott*, 68 *Ga.* 83; *Falvey* v. *Jones*, 80 *Ga.* 131.

3. A mortgage transferred by written assignment may be foreclosed in the name of the mortgagee, suing for the use of the assignee. Civil Code, § 2745. In such a case, the mortgage is the instrument declared on, and it is unnecessary to set forth the terms of the written assignment or to attach a copy thereof to the petition. Civil Code, § 4963.

4. In so far as the objections raised by special demurrer to the plaintiff's petition were well taken, they were met by appropriate amendment, and the court properly refused to dismiss the plaintiff's action.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*

Argued April 21, — Decided May 12, 1905.

Foreclosure of mortgage. Before Judge Henry. Floyd superior court. September 8, 1904.

*Henry Walker*, for plaintiff in error.
*Fouché & Fouché* and *M. B. Eubanks*, contra.