SOUTHERN STATES PHOSPHATE AND FERTILIZER COMPANY *v.* CLARK *et al.*

GEORGE, J. 1. Section 5566 of the Civil Code of 1910 provides: "The, entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits; but this shall not deprive the defendant of his right of action against the sheriff for a false return."

(a) The traverse to the return of the sheriff must be filed at the first term after notice of such entry, and before pleading to the merits.

(b) Where the return of service is made by a deputy sheriff, the sheriff also must be made a party to the traverse. *Bell* v. *New Orleans & Northeastern Railroad Co.,* 2 *Ga. App.* 812 (2-b), 817 (59 S. E. 102).

(c) Where a traverse to the return of service is filed at the first term after notice of such entry and before pleading to the merits, the officer whose return is thus attacked may be made a party thereto at a sub-

sequent term. *Dozier* v. *Lamb*, 59 *Ga.* 461; *O'Bryan* v. *Calhoun*, 68 *Ga.* 215; *Stone* v. *Richardson*, 76 *Ga.* 97; *Orr* v. *Chattooga County Bank*, 145 *Ga.* 248, 250 (88 S. E. 978). Whether, under special facts, the court should permit service to be perfected upon the officer at some subsequent term of the court, is not involved in the question certified.

2. Section 3276 of the Civil Code of 1910, relating to the foreclosure of mortgages on realty and providing for the service of a rule nisi upon a mortgagor, requires personal service, or service by publication. Leaving a copy of the rule nisi at the defendant's residence will not suffice. *Dykes* v. *McClung*, 74 *Ga.* 382; *Meeks* v. *Johnson*, 75 *Ga.* 629, 630. Nor will service by an unofficial person be legal. *Falvey* v. *Jones*, 80 *Ga.* 130 (4 S. E. 264); *Hobby* v. *Bunch*, 83 *Ga.* 1, 11 (10 S. E. 113, 20 Am. St. R. 301); *Montgomery* v. *King*, 123 *Ga.* 14 (50 S. E. 963); *Southern States Phosphate & Fertilizer Co.* v. *Clark*, 19 *Ga. App.* 376, 385 (91 S. E. 573).

(*a*) Service of a rule nisi to foreclose a mortgage on realty, made by a special bailiff appointed by the judge of the superior court under the Civil Code, § 6310, is not legal, although the service was made by the bailiff during the term of court at and for which he was appointed. The rule nisi must be served by the sheriff or his deputy. The sheriff can not be affected by the act or omission of such special bailiff.

(*b*) The question certified by the Court of Appeals does not imply that service was made of the rule nisi at the direction of the sheriff and that the return of service was in the name of the sheriff. If the person serving as bailiff had made the service at the special direction of the sheriff of the county, and had made his return of service as deputy sheriff, a different question would be presented.

*All the Justices concur, except Fish, C. J., absent.*

No. 1286. DECEMBER 20, 1919.

Questions certified by Court of Appeals (Case No. 9549).

*Ira S. Chappell,* for plaintiff. *J. S. Adams,* for defendant.