9549. SOUTHERN STATES PHOSPHATE & FERTILIZER COMPANY *v.* CLARK *et al.*

1. "Service of a rule nisi to foreclose a mortgage on realty, made by a special bailiff appointed by the judge of the superior court under the Civil Code, § 6310, is not legal, although the service was made by the bailiff during the term of court at and for which he was appointed. The rule nisi must be served by the sheriff or his deputy. The sheriff can not be affected by the act or omission of such special bailiff."

(a) It is different, however, if the person serving as bailiff makes the service at the special direction of the sheriff of the county, and makes the return of service as deputy sheriff.

2. Upon the agreed statement of facts the court erred in sustaining the affidavit of illegality.

DECIDED JANUARY 27, 1920.

Affidavit of illegality; from Laurens superior court—Judge Kent. November 2, 1917.

*Ira S. Chappell,* for plaintiff. *J. S. Adams,* for defendant.

LUKE, J. This was a proceeding growing out of the foreclosure of a mortgage on realty against Mrs. Essie Clark. The petition with the rule nisi thereon was served personally upon the defendant by a bailiff of the superior court, who was appointed by the judge of that court as is provided by section 6310 of the Civil Code of 1910. To the levy of the mortgage fi.fa. the defendant interposed an affidavit of illegality, upon the ground that the officer serving the rule nisi was not authorized to make the service and that the service was not legal. The issue was tried upon the following agreed statement of facts: "The entry of service is in the following words: 'Georgia, Laurens County, I have this day served a copy of the within petition and nisi personally on Mrs. Essie Clark. This January 29, 1914. J. W. Couey, Deputy Sheriff.' The said J. W. Couey was a regular bailiff serving at the January term, 1914, of Laurens superior court, at which said term petition and rule nisi was issued, and took the oath prescribed in the Code of 1910, § 4990, and took no other oath. J. J. Flanders, sheriff of Laurens county, placed a copy of the petition, foreclosure and rule nisi in the hands of the said J. W. Couey, and instructed him to serve the same on the defendant, Mrs. Essie Clark. J. W. Couey was not the regular appointed, sworn, and bonded deputy of the said J. J. Flanders, but simply a bailiff serving as such at said term of said court." The judge of the superior court (by agreement presiding without the intervention of a jury), upon the agreed statement of facts, sustained the affidavit of illegality, upon the ground that the service of the rule nisi was not a legal service. Error was assigned upon this judgment and the question was certified by this court to the Supreme Court. In answer to the certified question the Supreme Court(149 *Ga.* 647, 101 S. E. 536) says: "Service of a rule nisi to foreclose a mortgage on realty, made by a special bailiff appointed by the judge of the superior court under the Civil Code, § 6310, is not legal, although the service was made by the bailiff during the term of court at and for which

he was appointed. The rule nisi must be served by the sheriff or his deputy. The sheriff can not be affected by the act or omission of such special bailiff." "If the person serving as bailiff had made the service at the special direction of the sheriff of the county, and had made his return of service as deputy sheriff, a different question would be presented." The agreed statement of facts shows that this rule nisi was served at the special instance and at the direction of the sheriff of the county, and that the person serving it made the return of service as "deputy sheriff." Under the answer of the Supreme Court to the certified question it was therefore error for the court to sustain the affidavit of illegality.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*