## 23386. DANSBY v. DANSBY.

Argued March 15, 1966—Decided May 5, 1966.

*Claude V. Driver,* for appellant.

*Dan Winn, Solicitor General,* for appellee.

Mobley, Justice. The appellant challenges the constitutionality of the Uniform Reciprocal Enforcement of Support Act of Georgia (Ga. L. 1958, p. 34), particularly Section 16 thereof, on the ground that the Act and section 16 thereof violate the due process and equal protection clause of the Constitution of the

United States (*Code* § 1-815) and the Constitution of Georgia (*Code Ann.* §§ 2-102, 2-103). His appeal is from a judgment of the trial court overruling his general demurrer to the action brought against him. He enumerates as error the overruling of his general demurrer.

The case arose on a petition filed by Annie Lois Dansby, appellee, in the Circuit Court of Wayne County, Mich., under the Uniform Reciprocal Enforcement of Support Act of the State of Michigan, alleging that she resides in Detroit, Mich., is the lawful wife of Horace Dansby, that he resides in Haralson County, Ga., that she is the mother, and Horace the father of four minor children, ages six to fifteen years, all born in Villa Rica, Ga.; that the children reside with her, and that the father owes a duty of support, and that he has failed, neglected and refused to support them or contribute anything to their support since March, 1965; that under the Michigan Uniform Reciprocal Enforcement of Support Act she is entitled to a certificate from that court that respondent owes a duty of support to the named children, and the prayer of the petition was that the Michigan court "certify that this petition sets forth facts from which it may be determined by the Superior Court of Haralson County, that the respondent owes a duty of support" to the named children. The court issued such certificate and forwarded it, together with the petition and a copy of the Uniform Reciprocal Enforcement of Support Act, to the Superior Court of Haralson County, Ga., as required by the Michigan Act.

The Superior Court of Haralson County issued "Summons and Rule Nisi under the Uniform Reciprocal Act" as follows:

"Whereas, the Superior Court of Haralson County, Georgia, has been presented Order of Thomas J. Murphy, Judge of the Wayne County Circuit of the State of Michigan, together with verified petition and other records in the case filed by above plaintiff against above defendant under the Uniform Reciprocal Enforcement of Support Act, as amended, and it further appearing that said defendant owes the duty of support to plaintiff and his dependents, and that said defendant is a resident of this county residing at Route 1, Bremen, Haralson County, Georgia.

"It is hereby ordered that said defendant be served with a

copy of this order and with a copy of the petition filed in this court and be made to show cause before me on the 8th day November, 1965, at the courthouse in Haralson County, Georgia at 1:30 o'clock, p.m., why this court should not pass an order directing defendant to support the plaintiff and his dependents as provided by law.

"This 19th day of October, 1965. [Signed by the Judge of the Superior Court of Haralson County]."

This summons and rule nisi was served upon Horace Dansby and he responded by filing general demurrers.

■ Section 16 of the Act (*Code Ann.* § 99-917a) provides: "When the court of this State, acting as a responding State, receives from the court of an initiating State the aforesaid copies, it shall (1) docket the cause, (2) notify the solicitor general, (3) set a time and place for a hearing, and (4) take such action as is necessary in accordance with the laws of this State to obtain jurisdiction." Due process of law as guaranteed by the Federal and State Constitutions includes notice and hearing as a matter of right where one's property rights are involved. *Sikes v. Pierce,* 212 Ga. 567 (2) (94 SE2d 427); *Robitzsch v. State,* 189 Ga. 637 (7 SE2d 387); *Southern R. Co. v. Town of Temple,* 209 Ga. 722, 724 (75 SE2d 554). The fundamental idea in "due process of law" is that of "notice" and "hearing." *Arthur v. State,* 146 Ga. 827, 828 (92 SE 637); Link v. Wabash, 370 U. S. 626 (82 SC 1386, 8 LE2d 734); Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306 (70 SC 652, 94 LE 865); Central of Ga. R. Co. v. Wright, 207 U. S. 127 (28 SC 47, 52 LE 134). Thus, in deciding whether this Act denies due process of law to the defendant husband, we must determine whether the Act provides for notice and hearing to him. Section 16 provides that the judge must "set a time and place for a hearing" on the petition seeking judgment requiring defendant to support his children, and that the court shall "take such action as is necessary in accordance with the laws of this State to obtain jurisdiction." The obvious meaning of this is that the court must provide service of the petition upon the defendant and that he be given "notice," and "hearing," as the laws of this State so provide. Under the laws of this State an action for support of minor children against the

father must be brought in the county of his residence. Service of the petition must be had upon him, and he must be afforded opportunity to answer same and be heard. This court in the recent case of *Strange v. Strange*, 222 Ga. 44, held that the defendant in an action brought against him under the Uniform Reciprocal Enforcement of Support Act is not entitled to a jury trial. Thus, the issue is for the court to decide, and a rule nisi issued by the trial court ordering that the defendant be served with a copy of this order and the petition filed in the court and that he be required to show cause on a certain date at the courthouse in the county of his residence why the court should not pass an order directing defendant to support his children was the proper procedure under the laws of this State for the court to follow and meets the requirements of due process as to notice and hearing. Process is the means whereby a court compels the appearance of a defendant before it or a compliance with its demand. *Neal-Millard Co. v. Owens*, 115 Ga. 959, 961 (42 SE 266); *Crown Laundry v. Burch*, 205 Ga. 211, 213 (53 SE2d 116). "[A] rule nisi is a judicial process." *Falvey v. Jones*, 80 Ga. 130 (4 SE 264). The petition with process or rule nisi is an action upon which an adjudication will be made by the courts of this State. *Jones v. Jones*, 209 Ga. 861, 863 (76 SE2d 801).

The contention of the appellant that the Act denies due process of law in violation of the Federal and State Constitutions is without merit.

■ The Act does not, as contended, deny appellant the equal protection of the law in violation of the United States and State Constitutions. The provision of the Georgia Constitution which declares that protection to persons and property shall be impartial and complete is the equivalent of a declaration that no person shall be denied the equal protection of the laws. *Georgia R. & Bkg. Co. v. Wright*, 125 Ga. 589 (12) (54 SE 52).

The constitutional guaranty of "equal protection" requires that all persons be treated alike under like circumstances and conditions. *Dorsey v. City of Atlanta*, 216 Ga. 778, 781 (119 SE2d 553); Truax v. Corrigan, 257 U. S. 312 (42 SC 124, 66 LE 254); 16 Am. Jur. 2d 846, Constitutional Law, § 485. "Equal

protection is secured by a law which operates on all alike, without discrimination. See *Lamar v. Prosser*, 121 Ga. 153 (4) (48 SE 977); *Meyers v. Whittle*, 171 Ga. 509 (3) (156 SE 120)." *Garmon v. State*, 219 Ga. 575, 578 (134 SE2d 796).

Since this Act applies alike to all fathers living in this State with dependent children living in another State it is not discriminatory.

For a general annotation of cases dealing with the 'Uniform Reciprocal Enforcement of Support Act see 42 ALR2d 768.

*Judgment affirmed. All the Justices concur.*