[No. 9038–1–I. Division One. May 3, 1982.]

THE STATE OF MINNESOTA, *on the Relation of Merrilee Anne Burleigh, Respondent,* v. BRUCE ARDEN JOHNSON, *Appellant.*

*Ralph W. Moldauer,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jeff Blumhagen, Deputy,* for respondent.

CALLOW, J.—Bruce A. Johnson appeals from a superior court order requiring him to pay $90 per month child support under the provisions of the uniform reciprocal enforcement of support act (URESA), RCW 26.21. The issue presented is whether the statute permits the State to commence an action for support by means of an order to show cause rather than by a summons and petition.

On August 31, 1979, the King County Prosecuting Attorney's Office received from the County Court of St. Louis County, Minnesota, a petition from Merrilee Anne Burleigh requesting an order of child support, together with an order of the county court judge (1) providing that "the petition states facts sufficient to support a determination that the respondent owes a duty of support to the petitioner;" and

(2) transferring the matter to King County for further proceedings. The petition alleged the defendant married Ms. Burleigh in 1976 and fathered a son born September 19, 1977. Upon their divorce in 1978, the defendant was ordered to pay $90 per month in child support. He has failed to do so; Ms. Burleigh's petition alleged an accrued arrearage of $1,530.00.

The King County Prosecuting Attorney (State) served the defendant on December 19, 1979, with an order to appear and show cause why a support order should not be entered under URESA. The defendant's motion to dismiss was granted upon a superior court finding that the defendant was not furnished a copy of the URESA petition or advised that a failure to appear would subject him to arrest. An amended order to appear and show cause was filed May 21, 1980, setting a June 9, 1980 hearing. The defendant appeared and renewed his motion to dismiss, arguing that the State could not acquire jurisdiction by means of a show cause order instead of by summons and petition. The Superior Court denied the motion, and a commissioner of the Superior Court entered a support order requiring the defendant to pay $90 per month in child support.

The defendant contends that, since RCW 26.21 provides no special form of process, the petition and summons authorized by CR 4 is the required form of process. He asserts that the proceedings involved in a show cause hearing are not sufficient under the statute or civil rules, and deny him equal protection under the laws, since petitioners living within the state of Washington must proceed by summons and petition and not through show cause hearings.

URESA legislation has been enacted in similar form in all states of the Union. The purpose is to provide a uniform and convenient means of enforcing duties of support imposed or imposable by law. RCW 26.21.900. The remedies provided by URESA supplement the other existent remedies, and apply to both inter– and intrastate support obligations. RCW 26.21.210.

Two principal procedural remedies are available to the State under URESA: (1) registration of a foreign support order in a court of this state, RCW 26.21.220–.270; and/or (2) imposition of a duty of support and determination of the amount of support, RCW 26.21.110–.200.[1] If the first remedy is pursued, the State proceeds in the manner prescribed for civil cases. RCW 26.21.260. If the latter remedy is pursued, however, the statute requires that the State "take all action necessary in accordance with the laws of this state to give the court jurisdiction of the respondent or his property and shall request the court to set a time and place for a hearing." RCW 26.21.110. The State may obtain jurisdiction by arrest if it has reason to believe that the respondent may flee the state. RCW 26.21.104.

█ In the present case, we must determine the form of process required by the statute when the State seeks the imposition of a duty of support upon a respondent.

Being remedial in nature, [URESA] is to be accorded a liberal construction, bearing in mind its humanitarian purpose. Every effort should be made by the courts to render it operable and effective.

*Yetter v. Commeau*, 84 Wn.2d 155, 158, 524 P.2d 901 (1974) (in which a show cause proceeding was used by the State).

RCW 2.28.150 provides:

When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.

The hearing required by RCW 26.21.110 must satisfy due process. In Oregon, where show cause proceedings are

---

[1]The responding state determines the duty of support under its own laws. The level of support may be fixed at an amount different from that called for by the court of another state. *Davidson v. Davidson*, 66 Wn.2d 780, 405 P.2d 261 (1965).

authorized by statute,[2] a fair hearing is required.

The right to produce material evidence, confront adverse evidence and have counsel present legitimate argument relating the facts and the law, is basic to a fair hearing for a litigant. He may choose, of course, not to avail himself of the right but the opportunity must be extended.

*State ex rel. Fulton v. Fulton*, 31 Or. App. 669, 672, 571 P.2d 179 (1977). In *Rogoski v. Hammond*, 9 Wn. App. 500, 513 P.2d 285 (1973), the court approved the use of show cause proceedings in prejudgment attachment cases so long as due process requirements were satisfied. The opinion states at page 506:

The minimum requirements are these: (1) timely and adequate notice of hearing on the probable validity of the creditor's claim which states the basis for the claim and allows the debtor adequate time to prepare for the hearing; (2) an independent and impartial decision maker; (3) the right to appear personally at the hearing, with or without retained counsel; (4) the right at the hearing to confront and cross–examine any adverse witness and to present evidence and oral argument in support of his claim or defense; (5) the right to a decision based on applicable legal rules and evidence adduced at the hearing. Reasons for the determination and an indication of the evidence relied upon should be stated, but formal findings are not required.

These requirements are appropriate in URESA proceedings as well.

■ The show cause procedure complements URESA's statutory requirements and is used in other states. *See Dansby v. Dansby*, 222 Ga. 118, 149 S.E.2d 252 (1966); *Norton v. Norton*, 298 A.2d 514 (D.C. 1972). Unlike regular civil proceedings, an order to show cause sets a definite time and place for a hearing, as required by RCW 26.21-.110. The notice must warn the respondent that he is subject to arrest for failure to appear.

---

[2]Or. Rev. Stat. § 110.171.

All methods of discovery allowed in other civil actions are available in show cause proceedings. If a respondent raises a defense or presents evidence of a factual dispute, the cause may be continued for discovery and a full evidentiary hearing. If the petitioner resides outside the state and the respondent presents evidence constituting a defense, the case must be continued for further evidentiary hearings. RCW 26.21.116.

The show cause proceeding offers an expedient method of resolving many support obligations without the delay of the regular civil proceeding, while comporting with due process requirements. It provides a quick way to keep support payments flowing to dependent children without interruption and consequent hardship to those to whom timely support payments are a necessity. An order to appear and show cause is thus the "mode of proceeding . . . most conformable to the spirit of the laws." RCW 2.28.150.

 The defendant's contention that the show cause procedure violates equal protection of the laws is unfounded.

> Since this Act applies alike to all fathers living in this State with dependent children living in another State it is not discriminatory.

*Dansby v. Dansby, supra* at 122. The procedures outlined in RCW 26.21 apply alike to all fathers living in this state with dependents living in another state or in another county within this state. Contrary to the defendant's assertion, the statute does not grant an out–of–state petitioner a privilege or immunity not allowed a resident of this state.[3]

---

[3]URESA is inapplicable only to petitioners and respondents residing in the same county within this state. Other support enforcement remedies apply in those cases. *See, e.g.,* RCW 26.26.150. The URESA remedies counter the often prohibitive procedural difficulties entailed in the commencement and maintenance of support and collection actions by nonresident petitioners. This distinction bears a reasonable relation to a legitimate state purpose. *See State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963).

710

The trial court is affirmed.

DURHAM, A.C.J., and JAMES, J., concur.