FILED
COURT OF APPEALS
DIVISION II

2014 JUN -3 AM 8: 34

STATE OF WASHINGTON

BY_____
                DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| EAGLE SYSTEMS, INC., a Washington corporation; GORDON TRUCKING, INC., a Washington corporation; HANEY TRUCK LINE, INC., a Washington corporation; JASPER TRUCKING, INC., a Washington corporation; KNIGHT TRANSPORTATION, INC., an Arizona corporation; PSFL LEASING, INC., a Washington corporation; and SYSTEM-TWT TRANSPORT, a Washington corporation, | No. 44635-9-II |
| Respondents/Cross-Appellants, | |
| v. | ORDER CORRECTING CAPTION |
| STATE OF WASHINGTON EMPLOYMENT SECURITY DEPARTMENT, | |
| Appellant/Cross-Respondent. | |

On May 28, 2014, this court issued its published opinion in the above matter. The caption contained a typographical error in a respondent's/cross-appellant's name. It is hereby

ORDERED that said respondent's/cross appellant's name is changed to:

SYSTEM-TWT TRANSPORT, a Washington corporation.

Dated this ___3rd___ day of ___June___, 2014.

_____
Presiding Judge.

FILED
COURT OF APPEALS
DIVISION II

2014 MAY 28 AM 8: 31

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

EAGLE SYSTEMS, INC., a Washington corporation; GORDON TRUCKING, INC., a Washington corporation; HANEY TRUCK LINE, INC., a Washington corporation; JASPER TRUCKING, INC., a Washington corporation; KNIGHT TRANSPORTATION, INC., an Arizona corporation; PSFL LEASING, INC., a Washington corporation; and SYSTEM-TWIT TRANSPORT, a Washington corporation,

        Respondents/Cross-Appellants,

v.

STATE OF WASHINGTON EMPLOYMENT SECURITY DEPARTMENT,

        Appellant/Cross-Respondent.

No. 44635-9-II

PUBLISHED OPINION

MELNICK, J. — The Department of Employment Security (Department) appeals the superior court's finding that e-mails between the parties were sufficient to form a settlement agreement. The Department assessed unpaid unemployment insurance taxes against eight trucking carriers (Carriers), seven of which are involved in this appeal. The Carriers administratively appealed the assessments to an Administrative Law Judge (ALJ) and commenced settlement negotiations with the Department. The Carriers believed they had reached an agreement to settle the matter, but negotiations broke down before the parties could execute a formal agreement. The Carriers filed a motion to enforce the agreement, but the ALJ concluded that he did not have that authority. With a hearing pending before the ALJ, the Carriers obtained an ex parte show cause order in superior court to enforce the agreement.

The Department argues that (1) the superior court lacked personal jurisdiction to hear the matter and (2) no settlement agreement existed. The Carriers cross appeal, contending that the superior court should have imposed sanctions on the Department and that this appeal is frivolous. Because the superior court lacked personal jurisdiction, we reverse its ruling enforcing the settlement agreement. We further affirm the superior court's denial of sanctions against the Department because the court lacked jurisdiction, and we deny the Carrier's request for fees on appeal.

## FACTS

The Department assessed unpaid unemployment insurance taxes against the Carriers, asserting that the owner/operator truck drivers working for the Carriers were employees under the Employment Security Act, title 50 RCW. The Carriers administratively appealed the assessments and moved for summary judgment, arguing that federal law preempts the Employment Security Act in these cases. The ALJ denied the Carriers' summary judgment motion, but remanded the cases to the Department to review and reconsider the assessments. The ALJ also ordered the parties to attempt settlement negotiations.

Over the next few months, counsel exchanged drafts of an agreement. A dispute arose as to whether the parties agreed to a settlement. The parties met for a prehearing conference in December 2012, during which the ALJ set a February 20-21, 2013 hearing date for the first of the Carriers' cases. That same day, the Carriers filed a motion with the ALJ to enforce the terms of what they believed to be an agreement. The ALJ concluded that he did not have authority to enforce the agreement and denied the motion.

With an administrative hearing set one month away, the Carriers obtained an ex parte show cause order from the Pierce County Superior Court directing the Department to show cause

2

why the court should not enforce the settlement agreement. The Carriers also sought sanctions against the Department for bad faith conduct, arguing that the Department failed to follow the ALJ's order to issue revised assessments. The Carriers neither filed nor served the summons and complaint. The Department learned of the show cause hearing from the Carriers' counsel, who sent e-mails attaching the show cause order and memorandum in support of enforcing the agreement. In its written response to the Carriers' motion to enforce the agreement and during oral argument at the show cause hearing, the Department argued that the superior court lacked personal jurisdiction because the Carriers did not properly commence a lawsuit. The Department alternatively argued that the alleged settlement agreement was not enforceable.

After a hearing, the superior court concluded that it had jurisdiction "pursuant to its general jurisdiction to hear cases and controversies relating to contracts and pursuant to the ancillary jurisdiction provided to [it] pursuant to RCW 34.05.510(2)." Clerk's Papers (CP) at 441. It also concluded that a show cause proceeding was appropriate because the ALJ had ruled that he did not have authority to consider a motion to enforce the settlement agreement and because both parties had an opportunity to brief and argue the issues. The superior court then found that the parties had reached an agreement and entered an order enforcing it. The superior court denied the Carriers' request for sanctions. The Department appeals.

## ANALYSIS

### I. JURISDICTION

The Department contends that the superior court lacked personal jurisdiction because the Carriers improperly initiated this action through an ex parte show cause motion. Because show cause proceedings are not independent actions and the Carriers did not properly commence a lawsuit in the superior court, we agree.

Due process requires that a Washington court may not assert personal jurisdiction over a defendant unless the defendant is given adequate notice and opportunity to be heard. *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991) ("The fundamental requisite of due process of law is the opportunity to be heard[,]" which, in turn, depends on notice the suit is being commenced) (citations omitted). When the trial court lacks personal jurisdiction, any judgment entered is void. *Prof'l Marine Co. v. Those Certain Underwriters at Lloyd's*, 118 Wn. App. 694, 703, 77 P.3d 658 (2003).

The commencement of a civil action is governed by court rule. "Except as provided in rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint." CR 3(a). Here, the Carriers sought to enforce a contract, i.e., a settlement agreement, but they failed to comply with CR 3. Rather than serving the Department or the attorney general with a summons and complaint or filing a complaint with the court, the Carriers e-mailed the Department a show cause order. Accordingly, the superior court lacked personal jurisdiction to proceed.

Despite their failure to serve the Department and file a complaint, the Carriers claim that the superior court can obtain personal jurisdiction through an ex parte show cause proceeding. They rely on RCW 2.28.150 and their need for an expedited decision on the merits[1]. RCW 2.28.150 does not confer jurisdiction on the superior court. It specifically states that when the court has jurisdiction but "the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws." RCW 2.28.150. Thus, the statute presupposes personal jurisdiction,

---

[1] At oral argument the Carriers stated the only reason for expedition was the upcoming hearing date.

which the superior court did not have here. Additionally, there are statutes prescribing the procedures for filing a contract claim: so the situation here is not one in which "the course of proceeding is not specifically pointed out by statute." RCW 2.28.150; *See also* CR 3; RCW 4.28.020.

The Carriers also rely on *Minnesota ex rel. Burleigh v. Johnson*, 31 Wn. App. 704, 644 P.2d 732 (1982), and argue that a party may commence an action through a show cause hearing. *Burleigh* is distinguishable from the present case. In *Burleigh*, the defendant's ex-wife obtained a child support order against the defendant in a Minnesota court and sought to enforce it through the Uniform Reciprocal Enforcement of Support Act (URESA).[2] 31 Wn. App. at 705. The Minnesota court forwarded the order to the state of Washington, which served the defendant with an order to appear and show cause why a child support order should not be entered against him. *Burleigh*, 31 Wn. App. at 706. The defendant moved to dismiss, arguing that "the State could not acquire jurisdiction by means of a show cause order instead of by summons and petition." *Burleigh*, 31 Wn. App. at 706. The superior court denied the motion to dismiss and the appellate court affirmed. *Burleigh*, 31 Wn. App. at 706, 710.

In *Burleigh*, the superior court had jurisdiction pursuant to the URESA action because a valid court order from Minnesota existed, but procedures for its enforcement were not specified. 31 Wn. App. at 707. A URESA action required the State to "'take all action necessary in accordance with the laws of this state [including arrest] to give the court jurisdiction of the respondent.'" *Burleigh*, 31 Wn. App. at 707 (quoting former RCW 26.21.110). In the absence of statutory procedures and pursuant to RCW 2.28.150, the superior court is authorized to use any suitable process or mode of proceeding to exercise its existing jurisdiction if the course of

---

[2] Former ch. 26.21 RCW (1963), *repealed by* LAWS OF 1993, ch. 318, § 907.

proceeding is not specifically pointed out in the statute. *Burleigh*, 31 Wn. App. at 707. The appellate court reasoned that a show cause hearing "complements URESA's statutory requirements" and offers a quick way of resolving support obligation disputes while still comporting with due process. *Burleigh*, 31 Wn. App. at 708-09.

*Burleigh* is unlike the present case. In *Burleigh*, the superior court already had jurisdiction based on URESA and a valid Minnesota court order. Here, the superior court did not have jurisdiction because a lawsuit for enforcement or breach of a contract had not been properly filed; therefore, RCW 2.28.150 is inapplicable. The Carriers improperly sought a show cause order in the absence of an existing superior court action.

Because the superior court lacked personal jurisdiction, we reverse. Thus, we need not address whether or not a valid contract (i.e., a settlement agreement) existed.

II.     CARRIERS' CROSS APPEAL

The Carriers cross appeal and argue that the superior court erred when it failed to sanction the Department for procedural bad faith. Because the superior court did not have personal jurisdiction to hear this matter, any judgment regarding sanctions would be void. Therefore, the Carrier's cross appeal fails.

III.    ATTORNEY FEES

The Carriers request fees on appeal under RAP 18.9(a), arguing that this appeal was frivolous. An appeal is frivolous if it presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). Here, the Department successfully argued that the superior court lacked jurisdiction. This appeal was not lacking in merit or filed for an improper purpose; therefore, we deny the Carriers' sanctions request.

44635-9-II

We reverse the superior court's determination that it had personal jurisdiction to consider the Carriers' show cause request and its order enforcing the purported settlement agreement. We further affirm the superior court's denial of sanctions against the Department because the court lacked jurisdiction, and we deny the Carrier's request for fees on appeal.

_Melnick, J._
Melnick, J.

We concur:

_Hunt, J._
Hunt, J.

_Worswick, J._
Worswick, J.

7