**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| CHRISTOPHER HONSE and SALLY HONSE, | No.  47830-7-II |
| Respondents, | |
| v. | |
| PATRICE CLINTON, RICHARD SORRELS, | |
| Appellants, | |
| CHRISTOPHER SORRELS, as TRUSTEE to RAVENSCREST TRUST and KEY CENTER ENTERPRISES, LLC, | UNPUBLISHED OPINION |
| Defendants. | |

WORSWICK, J. — Patrice Clinton and Richard Sorrels appeal the trial court's summary judgment award of damages in an unlawful detainer action.  They argue that the trial court lacked the authority to grant damages to the Honses in the unlawful detainer action.  They also argue that genuine issues of material fact precluded summary judgment on the amount of damages.  We disagree with these arguments and affirm the judgment.

FACTS

This is the second time this case has come before us.  The background facts are the same as the prior appeal.

Christopher and Sally Honse owned approximately six acres of real property in Lakebay, Washington. In 2006, the Honses sold the property to Patrice Clinton through a seller-financed transaction for which the Honses accepted a promissory note from Clinton secured by a deed of trust against the property. Clinton's significant other, Richard Sorrels, lived with Clinton on the property and ran an unauthorized business selling old vehicles.

By 2008, Clinton had defaulted on the promissory note. Since that time, the property has been the subject of protracted litigation. The Honses attempted to regain the property over a period of four years through two foreclosure actions. Clinton and Sorrels (or entities they controlled) delayed the foreclosure process through the filing of four bankruptcy proceedings. . . .

In 2013, the Honses successfully foreclosed through a trustee's sale and regained title to the property. At the time of the trustee's sale, Clinton owed more than $410,000 to the Honses. . . .

After the foreclosure, both Clinton and Sorrels remained on the property. The Honses then commenced an unlawful detainer action . . . .

. . . .

[The trial court determined] that Clinton and Sorrels should be adjudged guilty of unlawful detainer, that their occupancy at the Lakebay property should be terminated, and that they should be evicted under a writ of restitution. . . .

. . . .

On October 23, 2013, the Honses filed a motion for partial summary judgment to "confirm" their right of possession. . . .

On November 22, 2013, after hearing arguments from all parties, the superior court granted the Honses' motion for partial summary judgment ruling, as a matter of law, that they were entitled to possession of the real property. . . . [Additionally,] the superior court entered an order which ruled that the Honses could, without further notice to Clinton and Sorrels, dispose of any and all personal property left following execution of the writ. . . .

. . . Despite the court's order clarifying that the Honses could dispose of the remaining personal property, Clinton and Sorrels served on the Honses a written request to store their personal property.

Over the next several months, the Honses worked to inventory and remove the property left behind. Of . . . 188 vehicles on the property, 173 qualified as "'junk vehicles'" under the Pierce County Code. On May 2, 2014, the superior court entered an order clarifying its November 22 ruling that the Honses were permitted to dispose of the remaining vehicles left on the property. . . .

*Honse v. Clinton*, noted at 190 Wn. App. 1022, 2015 WL 5724951, at \*1-3 (citations omitted).

Specifically, the trial court ruled that upon execution of the writ of restitution, "any personal property remaining on the [Honses'] real property . . . shall be deemed abandoned by defendants and plaintiffs may dispose of such abandoned personal property as they deem appropriate and without further notice to defendants." Clerk's Papers (CP) at 619. The sheriff executed the writ of restitution on November 26, 2013.

Clinton and Sorrels appealed, arguing, among other things, that the Honses gave Clinton and Sorrels insufficient notice of the foreclosure under RCW 59.12.032 and RCW 61.24.040 and that the superior court erred by not requiring the Honses to store the remaining personal property. We affirmed.

Meanwhile, the Honses began to remove the substantial personal property Clinton and Sorrels left behind. The house was filled with "garbage and junk, and the 6.7 acres of land was covered with 188 vehicles, comprised of deteriorated recreational vehicles, campers, utility trailers, boat trailers, cars, trucks, and motor cycles, as well as boats, tires, scrap metal and other debris." CP at 1140. The Honses obtained a supplemental order clarifying that each individual vehicle left behind was abandoned.

After over 1,500 hours of work by the Honses and their family, the Honses were able to remove all of the abandoned property. They spent $3,200.01 to clean up the property after

regaining possession from Clinton and Sorrels. These expenses included sending junk vehicle affidavits via certified mail to the registered owner of each vehicle, hauling away the junk vehicles, purchasing gravel to facilitate removing the vehicles, buying a hazardous material kit and other supplies for the vehicle removal process, disposing of abandoned tires, "dump fees" to dispose of debris, paying the Pierce County Sheriff to execute the writ of restitution, and securing the premises. CP at 1145. Additionally, the fair market value of the rent the Honses could have collected during the time Clinton and Sorrels continued to occupy the property between the finding of unlawful detainer (October 13, 2013) and when the sheriff executed the writ of restitution (November 26, 2013) was at least $1,200.00.

Under the same cause number as the unlawful detainer action, the Honses moved for summary judgment awarding them damages of $4,400, representing the out-of-pocket cleanup expenses plus the fair market rent for the period of unlawful detainer.[1] They characterized these as the "damages occasioned by Sorrels and Clinton's unlawful detainer of the Honses' property." CP at 1092. Clinton and Sorrels opposed this motion, characterizing the Honses' sought-after judgment as a "deficiency judgment" and arguing that such a deficiency judgment was not available in an unlawful detainer. CP at 1244. Sorrels also filed a declaration asserting various jurisdictional challenges and arguments substantially similar to those we rejected in the previous appeal. He argued that none of the property he left behind was "junk." CP at 1252. Notably,

---

[1] This figure excluded other costs the Honses incurred, including nearly $5,000 of fuel costs for traveling to perform the cleanup and the cost of repairing damage to the house's fixtures and septic system.

Clinton and Sorrels did not dispute the amount of the Honses' damages. The trial court granted the summary judgment motion, awarding the Honses $4,400. Clinton and Sorrels appeal.

ANALYSIS

I. JURISDICTION

Clinton and Sorrels argue that the trial court lacked jurisdiction to grant summary judgment because the Honses provided deficient notices of the foreclosure. Because we have already considered and rejected this argument, we do not consider it again.

Clinton and Sorrels argue now, as they did in the previous appeal, that they were entitled to 60 days' notice under chapter 61.24 RCW. We already determined that Clinton and Sorrels's challenge to the Honses' notices had no merit, and we do not consider this argument again.

To the extent that Clinton and Sorrels now present a different argument, it also fails. In their current brief, they cloak their "deficient notice" contention in an argument that the trial court should have investigated whether it lacked jurisdiction due to the alleged deficient notices. Clinton and Sorrels cite no authority for the proposition that the trial court lacked jurisdiction to grant summary judgment simply because Clinton and Sorrels questioned that jurisdiction. We do not consider conclusory arguments unsupported by analysis or legal authority. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Thus, Clinton and Sorrels's arguments that the trial court did not have jurisdiction to hear this matter fail.

## II. Jurisdiction To Award Damages

Clinton and Sorrels also argue that the trial court erred by granting summary judgment for damages when the action had not been converted from an unlawful detainer action to an ordinary civil claim. We disagree.

Clinton and Sorrels first argue that the trial court erred because it exceeded the scope of its limited unlawful detainer jurisdiction when it awarded damages. "An unlawful detainer action under RCW 59.12.030 is a summary proceeding designed to facilitate the recovery of possession of leased property; the primary issue for the trial court to resolve is the 'right to possession' as between a landlord and a tenant." *Angelo Prop. Co. v. Hafiz*, 167 Wn. App. 789, 808, 274 P.3d 1075 (2012). Thus, "when the superior court hears an unlawful detainer action under RCW 59.12.030, it sits in a statutorily limited capacity and lacks authority to resolve issues outside the scope of the unlawful detainer statute." *Angelo*, 167 Wn. App. at 809.

But a property owner who prevails in an unlawful detainer action is entitled to judgment for the damages caused by an unlawful detainer, so long as the damages are incident to the right of possession. RCW 59.18.290(2); *Kessler v. Nielsen*, 3 Wn. App. 120, 123-24, 472 P.2d 616 (1970). Therefore, damages are among the matters the trial court may adjudicate in its unlawful detainer jurisdiction. *Munden v. Hazelrigg*, 105 Wn.2d 39, 45-46, 711 P.2d 295 (1985); *Phillips v. Hardwick*, 29 Wn. App. 382, 386, 628 P.2d 506 (1981) ("[T]he superior court's jurisdiction in such action is limited to the primary issue of the right of possession, plus incidental issues such as restitution and rent, or damages.").

Here, we note that no part of the judgment represented recovery for property damage. All of the damages awarded were incident to the right of possession. These consisted primarily of the cleanup costs for removing the substantial property Clinton and Sorrels left behind. Removing that property was incident to the right of possession because the premises were unusable due to the extent of the abandoned property. The damages also included rent the Honses could have collected by leasing the property to another party during the time Clinton and Sorrels refused to vacate after the unlawful detainer judgment. *See Sprincin King St. Partners v. Sound Conditioning Club, Inc.*, 84 Wn. App. 56, 63, 925 P.2d 217 (1996) (noting that unlawful detainer damages include the fair market value of the use of the premises). All of these damages resulted from Clinton and Sorrels's unlawful detainer—either because Clinton and Sorrels remained physically on the premises or because they left substantial items behind that prevented the Honses from using the property. Therefore, under the particular facts of this case, we hold the damages the trial court awarded were within the scope of the unlawful detainer statute.

Second, Clinton and Sorrels argue that the trial court erred by awarding damages because the unlawful detainer could not be converted into a civil action, because the right to possession remained at issue. They argue that so long as they *continued to assert* that they had a right to possess the premises, the right to possession remained at issue. This argument also fails.

Unlawful detainer actions may be converted into an ordinary suit for damages where the right to possession ceases to be at issue at any time between the commencement of an unlawful detainer action and trial of that action, and the parties may then properly assert any cross claims, counterclaims, and affirmative defenses. *Munden*, 105 Wn.2d at 45-46. But as stated above, the

7

damages the Honses sought were incident to the unlawful detainer. For the reasons stated above, the trial court was not obligated to convert the action into an ordinary civil action to consider the Honses' claim for damages. Thus, whether the right to possession was still at issue is immaterial because the trial court did not need to convert the unlawful detainer action to an ordinary civil claim to award damages.

### III. MERITS OF SUMMARY JUDGMENT

Clinton and Sorrels argue that the trial court erred by granting summary judgment because genuine issues of material fact exist. We disagree.

Under CR 56(a), a party seeking to recover upon a claim may move for a summary judgment in his favor upon all or any part of the claim. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

Clinton and Sorrels make several arguments as to why summary judgment was improper, but none of the arguments shows a genuine issue of material fact. Accordingly, we affirm the summary judgment.

First, Clinton and Sorrels argue that their right to possession did not cease and, therefore, the trial court could not adjudicate damages. This argument fails for the reasons stated above: the trial court properly granted damages under the unlawful detainer statute. Similarly, Clinton and Sorrels argue that genuine issues of material fact exist because the trial court lacked jurisdiction. But as explained above, the trial court properly had jurisdiction.

Clinton and Sorrels next argue that genuine issues of material fact exist because the Honses have refused to allow Clinton and Sorrels to retrieve their abandoned property. But in the prior appeal, we determined that Clinton and Sorrels had no right to the abandoned property. Therefore, it has been fully adjudicated that Clinton and Sorrels did not have a right to the abandoned property, and they cannot now dispute the amount of the Honses' damages by reasserting their right to that property.

Clinton and Sorrels next argue that genuine issues of material fact remain regarding the true amount of the Honses' damages. But Clinton and Sorrel's response to the motion for summary judgment included no facts disputing the amount of the damages; it merely asserted that the Honses improperly disposed of Sorrels's personal property and that the property was not "junk." CP at 1252. As stated above, Clinton and Sorrels's repeated assertions that they own the abandoned property do not create a genuine issue of material fact. Thus, Clinton and Sorrels do not show that any genuine issues of material fact remain regarding the amount of the Honses' damages from the unlawful detainer, nor their entitlement to damages. We affirm the judgment.

ATTORNEY FEES

The Honses request reasonable appellate attorney fees under RAP 18.9, characterizing this appeal as frivolous. We grant this request. RAP 18.9(a) allows us to order a party who files a frivolous appeal to pay damages. "An appeal is frivolous if it presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Eagle Sys., Inc. v. Emp't Sec. Dep't*, 181 Wn. App. 455, 462, 326 P.3d 764 (2014).

9

No. 47830-7-II

Here, because Clinton and Sorrels attempt to reargue issues that we already decided in a previous appeal, and because their additional arguments present no debatable issues, we deem this appeal frivolous. Accordingly, we award attorney fees and costs to the Honses.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Melnick, J.